HON. JAMES BARRETT,  
HON. HOMER E. ROYCE,  } ASSISTANT JUDGES.  
HON. H. HENRY POWERS,

---

STEPHEN E. THAYER *v.* ADAM PARTRIDGE; AUSTIN P. GRAHAM AND WILDER & KIDDER, TRUSTEES.

### *Action. Trustee Process.*

When a statute confers a remedy unknown at common law, and prescribes the mode of enforcing it, that mode alone can be resorted to.

A trustee cannot deduct out of the effects and credits in his hands, a demand against the principal defendant for money paid on the illegal sale of intoxicating liquor. The only remedy to recover back such payments, is given by § 32, ch. 94, of the Gen. Sts.; and that remedy is personal to the purchaser, to be enforced at his option.

A trustee having money in his hands derived from the illegal sale of intoxicating liquor by him as agent of the principal defendant, cannot set up as a defence, the illegality of the transaction by virtue of which he received the money.

At the time of the service of process on them, trustees had liquor in their hands belonging to the principal defendant, consigned to them for sale on commission. Afterwards, they converted it to their own use. *Held*, that they were properly chargeable with the value thereof.

TRUSTEE PROCESS. The commissioner found that the trustee Graham owed the principal defendant at the time of the service of the writ upon him, $56.18 for intoxicating liquors contracted for in the state of New York, where the sale of such liquors was lawful. Before the purchase of said liquors, said Graham had purchased liquors of the defendant in this state, in violation of law, and had paid him therefor large sums of money, and he sought to deduct the money so paid, from the indebtedness found by the commissioner ; and that question the commissioner submitted to the court. The trustees Wilder & Kidder were partners. They had in their hands at the time the writ was served on them, $30 derived from the sale of liquors consigned to them by the defendant to be sold on commission, and also had $41 worth of said liquors not disposed of, but which they disposed of after they were trusteed. The commissioner reported that the said Wilder & Kidder " having declined to state the quantity or kinds of said last-named liquors, so that the same might be levied upon, I think they should be adjudged trustees for the value of the liquors so disposed of. Whether or not the law will justify such an equitable adjustment, I leave to the court."

The court, at the December term, 1874, WHEELER, J., presiding, adjudged the said Graham chargeable for the sum of $56.18 ; and the said Wilder & Kidder for both said sums of $30 and $41. Exceptions by said trustees.

*C. N. Davenport*, for the trustees.

It seems perfectly plain that § 32, ch. 94, of the Gen. Sts., gives Graham a complete right of action for the money he has paid Partridge for liquors sold in violation of law, within the statute of limitations. It is equally plain that if Partridge had sued Graham, Graham could have pleaded in set off that Partridge held to his use the money so unlawfully received by him. Gen. Sts. ch. 34, § 52 ; *Weller* v. *Weller & Tr.* 18 Vt. 55 ; *Strong et*

al. v. *Mitchell & Tr.* 19 Vt. 644 ; *Keyes* v. *Slate Co.* 34 Vt. 81 ; *Hubbard* v. *Fisher*, 25 Vt. 539. The rule is, or ought to be, that the trustee should be allowed to apply as against the plaintiff, all his demands against the defendant of which he could avail himself by any action sounding in contract against him. *Hathaway* v. *Russell*, 16 Mass. 473 ; *Smith* v. *Stearns*, 19 Pick. 20. In the absence of fraud, the plaintiff is invested with precisely the same rights against a supposed trustee, that the defendant himself possesses—except in that case the liability of the trustee is measured by the right of defendant to recover against him—in a suit at law. Gen. Sts. ch. 34, § 48 ; *Edson* v. *Sprout & Trs.* 33 Vt. 77 ; *Hoyt* v. *Ball & Tr.* 13 Vt 129 ; *Kettle* v. *Harvey & Tr.* 21 Vt. 305 ; *Weller* v. *Weller & Tr.*, *supra.*

The contract for the sale of liquors on commission by Wilder & Kidder, to be accounted for when sold, was a palpable violation of the statute. No action could be maintained by Partridge for the proceeds of their sales on commission. The current of decision has been uniform since the courts were first called upon to " hold the stakes for the gamblers." Parties can have no aid in the enforcement of illegal contracts from courts of justice. *Territt et al.* v. *Bartlett*, 21 Vt. 184 ; *Bancroft* v. *Dumas*, 21 Vt. 456 ; *Boutwell* v. *Foster*, 24 Vt. 485 ; *Gaylord* v. *Soragen*, 32 Vt. 110 ; *Converse* v. *Foster*, 32 Vt. 828 ; *Backman* v. *Mussey*, 31 Vt. 547 ; *Harrison* v. *Nichols et al.* 31 Vt. 709 ; *McConihe & Co.* v. *McMann*, 27 Vt. 95 ; *Backman* v. *Wright*, 27 Vt. 187. The liability of Wilder & Kidder as trustees, depends upon their liability to Partridge. If the contract under which these liquors were delivered to be sold on commission, was so far tainted with illegality that Partridge could have maintained no action for the recovery or possession of the liquor, or the value thereof, that same illegal taint exempts them from liability as trustees.

The theory upon which the commissioner acted, and which seems to have had the sanction of the court below, is, that the $41 worth of liquors in Wilder & Kidder's possession when process was served, might have been held specifically by the plaintiff ; and, as they sold the liquors after process was served, so that they cannot

54

deliver them to the officer who may hold the plaintiff's execution, therefore they should be adjudged trustees for the value. There are several very satisfactory reasons why this conclusion is erroneous. 1. Intoxicating liquors consigned for sale in violation of our statute, are not subject to trustee process. Neither the liquors nor the proceeds can be reached in that way. The only legal way is to attach the liquors. The law recognizes property in them to that extent. 2. The reason why liquors so circumstanced cannot be held under the provisions of ch. 34, §§ 29–40 inclusive, is, that this statute only reaches such goods or chattels in possession of trustee, " as he holds or is bound to deliver to the principal defendant." The defendant in the case at bar, had no rightful claim to these liquors. The trustees were not " bound to deliver them." No court of law or equity would lend its aid to defendant to get them. See § 29. 3. The trustees were guilty of no wrong or fraud as to Partridge's creditors, in selling the liquors after service upon them of process. They did what they had a right to do under their contract with Partridge. That contract, though illegal, was in no manner affected by the trustee process. See §§ 31, 36. 4. Had the plaintiff or his officer given the trustees notice not to sell the liquors then in their possession, there would be more plausibility in the theory of the commissioner as to an " equitable adjustment." 5. If the trustees have made themselves liable for selling these liquors, they are not liable for the money, but to the action on the case provided by § 37. *Rice et al.* v. *Talmadge & Tr.* 20 Vt. 378.

*E. L. Waterman & H. K. Fowler*, for the plaintiff.

It is claimed as matter of law, that money paid for liquors illegally sold, cannot be deducted by the trustee from the amount otherwise due from him to the defendant. Section 32, ch. 94, of the Gen. Sts., furnishes a remedy in such cases. Previous to the passage of the prohibitory law, there was no remedy; but this section is a part of the machinery for enforcing that law. At common law, such a payment was legal and valid. *Tuttle & Reed* v. *Holland*, 43 Vt. 542. This remedy is founded in tort,

and one which no person except the purchaser of the liquor, can have, and then only by an "appropriate action." § 52.

A remedy given by statute, to recover back money paid on an illegal sale, is not a demand "founded on contract." Gen. Sts. ch. 34, § 52. The relation of contracting parties does not exist; but the recovery must be had, if at all, by force of the statute, and according to its provisions. The statute for recovering back usurious interest, has been construed by this court to be rather for punishment upon the lender, and corrective in its nature, than creating the relations of contracting parties between the borrower and lender as to the usury. And the only way to recover back the usury, is in the manner pointed out in the statute. *Allen* v. *Thrall*, 10 Vt. 255; *Barker* v. *Estey et al. & Tr.* 19 Vt. 131; *Nichols et al.* v. *Bellows*, 22 Vt. 581.

Wilder & Kidder were properly adjudged chargeable. There can be no question as to the $30. The property was entrusted to them to sell on commission, and the $30 had been realized, and was then in their hands. No illegality is shown in the transaction. For declining to state the kinds and quantity, the commissioner adjudges them chargeable for the value of the liquor disposed of after they were trusteed, and the county court render judgment on the report. This is a matter this court cannot revise. The commissioner and county court are the sole judges of the weight of evidence, and their finding of fact is conclusive. *Worthington et al.* v. *Jones & Tr.* 23 Vt. 546.

The opinion of the court was delivered by

Powers, J. The questions in this case arise upon the report of the commissioner.

I. Section 52, ch. 34, of the Gen. Sts., provides that every trustee shall be allowed to retain or deduct out of the goods, effects, and credits in his hands, all his demands founded on contract, express or implied, against the principal defendant, and shall be liable for the balance only, after all such demands between him and the principal defendant are adjusted. Section 32, ch. 94, of the Gen. Sts., reads as follows: "All payments or compensations for liquor sold in violation of law, whether in money,

labor, or personal property, shall be held and considered to have been received in violation of law, without consideration, and against law, equity, and good conscience, and may, in an appropriate action, be recovered back, it being alleged in the declaration that the money, labor, or personal property so held, was received and is held to the use of the plaintiff," &c. The trustee Graham had paid the principal defendant money for liquors sold him in violation of law before service of the trustee process upon him, and claims the right to " deduct" such money from his indebtedness to the principal defendant, by virtue of the provisions of the sections above quoted. The right of action given by § 32, ch. 94, is one that did not exist at common law. The sale of liquors at common law was legal, and the money paid for them was received upon good consideration. Where a statute confers a remedy unknown to common law, and prescribes the mode of enforcing it, that mode alone can be resorted to. 1 Salk. 45; 2 Burr. 803; *Smith* v. *Woodman*, 8 Foster (N. H.), 520.

This statute provides that the money may be recovered *in an appropriate action*, and sets forth the *substance of the declaration* to be used. The right of action is given by way of penalty for the illegal sale, and is analagous to the right of a borrower to sue for usury paid, and the right to sue for money lost at play. It is a part of the machinery for enforcing the liquor law, and is essentially penal in its aim and in its nature. It is in no sense " founded in contract," but arises solely from the violation of law. We think the statute gives the action to the purchaser alone, to be enforced at his option, and that it can be enforced by him only in the specific mode pointed out in the statute itself. *Barber* v. *Estey*, 19 Vt. 131 ; *Nichols* v. *Bellows*, 22 Vt. 581 .

II. The trustees Wilder and Kidder held thirty dollars in money received by them for Partridge from the sale of liquor by them as the agent of Partridge, and forty-one dollars, being the proceeds of liquors belonging to Partridge and by them converted to their own use after the service of the trustee process. It is said that the liquors sold by the trustees were sold contrary to law. The purchasers might raise this question, but Wilder and Kidder cannot. As is said in *Baldwin Bros.* v. *Potter*, 46 Vt.

402, the agent cannot say, because his principal did not receive the money on a legal contract, that he is at liberty to steal it and set his principal at defiance. As Partridge has a valid claim for this money, we see no reason why his creditors may not reach it. See *Tracy* v. *Aiken*, 46 Vt. 55. The plaintiff acquired the right to hold the trustees for the liquor on hand as the specified property of Partridge—they saw fit to convert it to their own use—we see no reason why they should not account for the proceeds. *Smith, admr.* v. *Wiley & Tr.* 41 Vt. 19.

Judgment affirmed.