# CHARLESTON.

## DUCKWORTH *v.* STALNAKER.

Submitted March 2, 1909.    Decided November 22, 1910.

1.  INTOXICATING LIQUORS—*Civil Damage Act—Injuries to Means of Support—Right of Wife to Recovery.*

    If a husband whose labor contributes to his wife's support, becomes intoxicated in a saloon owned by, or under the control

.of, a licensed saloon-keeper, by drinking intoxicating liquors sold, or given to him by such saloon-keeper or his clerk, and in consequence of such intoxication becomes boisterous, and offensive to others there present, and is forcibly ejected from the saloon by the bar-keeper and physically injured and disabled from performing his usual labors, the wife has a right of action, under the civil damage act, against the saloon-keeper for damages for injury to her means of support.

2.   SAME—*Civil Damage Act—Proximate Cause.*

In an action for damages in such case the jury have a right to regard the intoxication of the husband as the proximate cause of his physical injury, and the injury to the wife's means of support as a natural consequence resulting from the unlawful sale of intoxicating liquor.

3.   SAME—*Civil Damage Action—Nature of Action.*

The common law rule of proximate cause, which obtains in other actions of tort, does not apply to actions under section 26, chapter 32, Code 1906, known as the civil damage act. By this act the legislature has created a right of action which did not exist at the common law; and, in order to support such action, it is only necessary that the injury complained of should be in consequence of the unlawful act; it need not be the direct, or proximate, result of it.

4.   SAME—*Civil Damage Action—Liability of Saloon-Keeper for Sale by Clerk.*

A principal is liable for the torts of his agent, when committed in the course of his employment; and, in an action for damages under the civil damage act, the saloon-keeper is liable for unlawful sales of intoxicating liquors by his clerk or barkeeper.

5.   SAME—*Civil Damage—Sufficiency of Declaration.*

A declaration in an action by the wife for damages, under the civil damage act, for injury to her person, property and means of support, is not demurrable on the ground that it avers the nature, extent and cause of her husband's physical injury, when it appears from the declaration, as a whole, that she is not seeking a recovery for injury to the husband. Such averment is only for the purpose of showing the manner and extent of the wife's injury to her means of support.

6.   SAME—*Civil Damage Action—Right of Recovery.*

In order to support an action under this act, some actual damage to the physical person, property or means of support, must be proven; mental anguish is not alone sufficient. But if

actual damages be shown, mental anguish may be considered by the jury in augmentation of damages.

7.  SAME—*Civil Damage Action—Admissibility of Evidence.*

In such action it is not error to admit proof of the nature and extent of the husband's injury, and of the facts and circumstances connected with it, his injury being the cause of the injury to the wife's support.

8.  SAME—*Civil Damage Action—Damage—Exemplary Damages.*

The civil damage act gives a right to exemplary damages, as well as actual damages, and the jury may award exemplary damages upon proof of such facts only as will entitle the party complaining to actual damages. It is not necessary, as it is in other actions for torts, that the wrong complained of should have been committed maliciously, or wantonly and deliberately, in order to justify the finding of exemplary damages; the unlawfulness of the act is sufficient under the statute.

9.  TRIAL—*Exemplary Damages—Discretion of Jury.*

The jury are vested with a discretion in the matter of awarding exemplary damages, and it is error for the court to instruct them that, if they believe certain, facts to be established by the evidence, they "shall", or "must" find exemplary damages.

10.  INTOXICATING LIQUORS—*Civil Damage Action—Instructions—"Or"—"And".*

The disjunctive word "or" can not generally be used in the sense of the conjunctive word "and", and an instruction is erroneous which, in effect, tells the jury that a sale of intoxicating liquor to a person "at a time when he was intoxicated, *or* when the defendant or his bar-keeper or clerks or any of them knew or had reason to believe" he was intoxicated, is an unlawful sale. Actual sale to an intoxicated person, and knowledge, actual or constructive, by the seller, of such intoxication, are two essential elements of one offence; and the word *or*, instead of *and*, in the instruction, conveys the idea that either element of the offence, without the other, is sufficient to constitute an unlawful sale, which is erroneous.

11.  SAME—*Civil Damage Action—Instructions.*

In such action it is error to refuse an instruction asked for by defendant, which would have told the jury that plaintiff is not entitled to recover damages for personal injury to her husband.

12.  EXCEPTIONS, BILL OF—*Signature of Judge—Sufficiency.*

It is not essential to the validity of a bill of exceptions that the official designation of the trial judge should be used after his signature. His signature thereto alone is sufficient. .

68 W. Va.

13. APPEAL AND ERROR—*Record—Bills of Exceptions—Sufficiency of Order.*

An order of court, or of the judge in vacation made within thirty days from the adjournment of the term at which a case is tried, and entered on the record, which refers to the bills of exceptions taken at the trial by numbers, as No. 1, No. 2, etc., and makes them parts of the record by such designation and description, is sufficient to constitute them parts of the record, provided they have been signed by the judge.

Error to Circuit Court, Barbour County.

Action by Martha J. Duckworth against Floyd Stalnaker. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Leroy V. Holsberry,* for plaintiff in error.

*Ware & Viquesney* and *Wm. T. George,* for defendant in error.

WILLIAMS, JUDGE:

Martha J. Duckworth brought an action in the circuit court of Barbour county, under the civil damage act, against Floyd Stalnaker, a licensed saloon-keeper, to recover damages for injury to her means of support alleged to be in consequence of unlawful sales of intoxicating liquors to her husband, and obtained a judgment for $1,500.00. Defendant was awarded a writ of error.

Counsel for defendant in error insists that the bills of exceptions are not sufficiently identified to constitute them parts of the record. They are eleven in number, and are all signed by the trial judge. Number eleven does not have the judge's official designation after his signature. But this omission is not material. The name subscribed to this bill of exceptions is the same as the name signed to the others, and we must assume that the same person signed all of them, and that the judge signed No. 11 in his official capacity. While it is the usual practice for the trial judge to sign bills of exceptions, and to give his official designation, still we know of no rule of law which makes such manner of signing essential to their validity. Seeing that the name signed to No. 11 is the same as the name of the trial judge, we take judicial notice that this bill of exceptions was signed by the judge who tried the case,

and that he signed it in his official capacity. The law makes it the judge's duty to sign bills of exceptions, and when his name appears signed thereto, it is not to be presumed that he signed otherwise than as judge. But in addition to the judge's signing bills of exceptions, it is also essential that they be made parts of the record by an order entered on the records. 5 Ency. Dig. 394, and cases cited.

The bills of exceptions, in the present case, were made up in vacation within thirty days after the adjournment of the term at which the trial was had, and a vacation order was made by the judge and certified to the clerk who recorded the same. But, it is claimed, the vacation order made by the judge does not sufficiently identify the bills of exceptions. The order refers to them, and makes them parts of the record, by numbers only, as 1, 2, 3, etc. This we think, is sufficient to make it reasonably certain that the exceptions so designated in the order, are the same that were signed by the judge.

Two things are essential to constitute a bill of exceptions a part of the record; (1) the signing of it by the judge; (2) an order of the court or of the judge in vacation made within thirty days and entered on the records of the trial court, incorporating it into the record. Both of these essentials have been complied with in this case, and the bills of exceptions must be regarded as a part of the record of the case.

Plaintiff in error insists that the court improperly overruled his demurrer to the declaration. One ground of demurer is, that the declaration seeks to recover for the injury to plaintiff's means of support, and also for the personal injury sustained by the husband. Another ground is, that the declaration does not sufficiently state a cause of action for damages for injury to plaintiff on account of an unlawful sale of intoxicating liquors to her husband.

There are two counts in the declaration. The substance of the first is, that defendant, a licensed saloon-keeper, sold and gave to plaintiff's husband intoxicating liquors, and permitted him to drink the same upon defendant's premises, until he (plaintiff's husband) became grossly intoxicated, and, after he became intoxicated, defendant pushed him out of his saloon and, in doing so, broke his leg, in consequence whereof he was unable, for a long time, to furnish plaintiff the means of sup-

port which he had furnished her prior to his injury; that in consequence plaintiff was uncared for by her husband and suffered hardship, privation and mental anguish and worry.

The second count differs from the first in that it alleges the unlawful act to consist in the defendant's selling and giving intoxicating liquors to plaintiff's husband, knowing and having reason to believe that he was a person who was in the habit of drinking to intoxication. It also avers that her husband fell and broke his leg in consequence of his intoxication produced by defendant's unlawful sales, and that he neglected his work, and squandered his money, and that in consequence thereof plaintiff was injured in her means of support. Each of these counts contains sufficient averment to constitute a good cause of action, and the demurrer was properly overruled. The averment of personal injury to the husband is not made for the purpose of recovering damages therefor, and notwithstanding plaintiff's cause of action would have been sufficiently pleaded without this averment, still, as it was a matter which could be properly proven in order to show in what respect, and to what extent, the wife was affected in her means of support, the husband's ability to labor being one of her means, it could certainly do no harm to allege it in the declaration. This averment may be treated as surplusage; it does not affect the merits of the declaration.

It is assigned as error that the court improperly permitted certain questions to be asked, and to be answered by certain witnesses for plaintiff. These questions were asked for the purpose of ascertaining in what manner, and how badly plaintiff's husband was injured, and what was his condition, as to being drunk or sober, at the time the injury occurred. These questions were proper for the reason above stated. Plaintiff is not suing for the personal injury to her husband, but only for injury to her own means of support. If the husband furnishes support to the wife, and is disabled and rendered less competent in consequence of unlawful sales of intoxicating drink to him, it follows that what causes his disability is an injury to the wife's means of support. In any case where the wife derives her support from the physical labor and business management of her husband, it necessarily follows that whatever disables him physically, or incapacitates him for business, is

a direct injury to her means of support.  Because, in such case, the husband's ability is the wife's means of support.

Counsel for defendant insists that the injury to plaintiff's husband resulted from the unlawful sale made by defendant's clerk, or barkeeper, 'without his knowledge or consent, and that, therefore, defendant is not liable.  The unlawful sale is the ground of the action; the principal is liable if it is made by his agent, or clerk.  *Pennington* v. *Gillaspie,* 66 W. Va. 643; *State* v. *Nichols,* 67 W. Va. 659; and *State* v. *Davis,* 68 W. Va. The statute does not require that the unlawful sale shall be the proximate cause of injury to the person, property, or means of support of a person in order that such person can have a right of action.  It requires, only, that the injury be done *"by* any intoxicated person, or *in consequence* of the intoxication, habitual or otherwise, of any person."  The injury, if any, in such cases nearly always results indirectly and consequentially from the unlawful sales and not directly and proximately.  By section 26, chapter 32, Code 1906, known as the Civil Damage Act, the Legislature has changed the common law rule of proximate cause which still obtains in other actions of tort.  For reasons of public policy the legislature has, by this act, created a right of action which did not exist at the common law. *Volans* v. *Owens,* 74 N. Y. 528; *Homire* v. *Halfmen,* 156 Ind. 470.  If plaintiff is injured in her means of support, and can prove that such injury is in consequence of unlawful sales of intoxicants to her husband, from whom she derived her support, even though such unlawful sales may have contributed only in part to her injury, it is sufficient.

Many of the states have statutes similar to our own on the subject; and the following cases will serve to illustrate the principle of resulting, or consequential injury, for which a right of action is given, viz:

Where a saloon-keeper unlawfuly sold intoxicating liquors to a person who became so crazed from the effects of the intoxication that he committed murder and was sentenced to the penitentiary, his wife had a right of action for loss of means of support.  *Homire* v. *Halfmen, supra.*

Where a husband became intoxicated and fell from a wagon and received bodily injuries which disabled him from work, causing injury to the wife's means of support, she was allowed

to sue the saloon-keeper who sold him the liquor in violation of the statute. *Whiteman* v. *Devere, 33* Wis. 570.

Where the plaintiff's minor son became intoxicated, fell and injured himself, the supreme court of New York held that plaintiff would be entitled to recover from the saloon-keeper who unlawfully sold his son the liquor, if it be proven that his son's services are necessary to his support. *Volans* v. *Owen, 74* N. Y. 526.

Where a boy became intoxicated and over-drove his mother's horse, she had a right of action against the saloon-keeper who furnished him the intoxicating liquor. *Bertholf* v. *O'Reily, 8* Hun. 16.

Where plaintiff's husband started home at night, in an intoxicated condition, and was found dead on the railroad track the next morning, his intoxication was held to be the proximate cause of his death, and the saloon-keeper who sold him the intoxicating liquors was held liable to his widow in an action "for injury to her means of support". *Schroder* v. *Crawford, 94* Ill. 357. The statute of Illinois is similar to the statute of New York and to our own statute, and the court of Illinois, in the opinion in that case, lays down the following principle which we think is the correct one to be applied in the interpretation of our statute. That court says: "It was not the intention that the intoxicating liquor alone, of itself, exclusive of other agency, should do the whole injury. That would fall quite short of the measure of remedy intended to be given. The statute was designed for a practical end, to give a substantial remedy, and should be allowed to have effect according to its natural and obvious meaning. Any fair reading of the enactment must be that in the instances above, as well as the present, the death would have been in consequence of the intoxication within the undoubted intendment of the statute". See also *Currier* v. *McKee, 99* Me. 364.

In *Thomas* v. *Danby, 74* Mich. 398, plaintiff's husband became intoxicated, and while engaged in a scuffle with another person who was also intoxicated, had his leg broken. It was held that the wife could recover damages for injury to her means of support, from the saloon-keeper who unlawfully sold the liquor that caused the intoxication of the man who broke her

husband's leg.    See also *Lucker* v. *Liske,* 111 Mich. 683; and *Colburn* v. *Spencer,* 177 Mass. 473.

In the present case it was proper for the jury to conclude, which they must have done in order to arrive at the verdict which they found, that the unlawful sales of intoxicating liquors to plaintiff's husband contributed, in part at least, to his intoxication, and that the breaking of his leg resulted from his intoxication, and that the injury to plaintiff's means of support resulted directly from such personal injury to her husband, and indirectly from the unlawful sales of liquor to him; or, to use the language of the statute, "in consequence of the intoxication". of her husband.

Defendant assigns as error the giving of plaintiff's instructions Nos. 1, 2, 3, 4, and 5, and the refusal to give defendant's instructions, Nos. 1 and 2. Plaintiff's No. 1 tells the jury that if they believe that the plaintiff was injured in her "person, property or means of support in consequence of the intoxication, habitual or otherwise, of her husband, caused in whole or in part by the unlawful selling or giving intoxication liquors to him by Floyd Stalnaker, or by permitting him to drink to intoxication on the premises under the control of the said Floyd Stalnaker, then they shall find for the plaintiff all damages sustained, and for exemplary damages". The civil damage act, section 26, chapter 32, Code 1906, gives a person "who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person," a right of action against the person who unlawfully sold, or gave, the intoxicating liquor to such intoxicated person, which contributed either in whole or in part to his intoxication. The character of the injury for which a right of action is given is threefold: (1) injury to the person, (2) injury to the property, and (3) injury to the means of support. One who is injured in any one of these three particulars, or in any two, or in all of them, has a right of action. But it is not proper for the court to give an instruction based upon any of these grounds, unless there is evidence tending to prove that the person complaining was injured in respect thereto. There is no evidence that plaintiff was injured either in her person, or in her property, in consequence of her husband's intoxication, and, following the rule laid down by this

Court in *Pennington* v. *Gillaspie,* 66 W. Va. 643 (66 S. E. 1009), it was error to include in the instruction, injury to plaintiff's person, and injury to her property.

This instruction is also bad for another reason. It tells the jury that, if they should find that plaintiff has sustained actual damages, they *shall* also find exemplary damages, thus making it imperative for the jury to assess exemplary damages, if they found for the plaintiff. It is true the statute gives the plaintiff the right to recover exemplary damages, still the jury have control over such damages. It is in their discretion to give, or refuse, them. The instruction should have told the jury that, in the event they found plaintiff entitled to actual damages, they could, or might also assess exemplary damages, not that they *shall,* or *must* do so. *Pennington* v. *Gillaspie, supra.*

We find no fault with plaintiff's instruction No. 2. It simply defines exemplary damages.

Plaintiff's No. 3 is also free from objection. It tells the jury that, if they find plaintiff has sustained actual damages, they have a right to take into consideration in estimating the quantum of damages, the mental suffering of plaintiff. While mental distress and suffering, alone, does not constitute a ground of action under the statute, still if any actual injury has been sustained, in any of the three particulars mentioned, the plaintiff has a right to have considered the matter of her mental distress and suffering, as a matter in augmentation of her damages. 1 Sedg. Dam., section 556; *Ricketts* v. *C. & O. Ry. Co.,* 33 W. Va. 433; *Teel* v. *Coal & Coke Ry. Co.,* 66 W. Va. 315; *Pennington* v. *Gillaspie,* 63 W. Va. 549, and cases there cited. See also *Pegram* v. *Stortz,* 31 W. Va. 220; and 23 Cyc. 313. There is evidence in the case to show that plaintiff was very much distressed in mind on account of her husband's condition. Her husband's leg was broken when he was six or eight miles from his home, and he was taken care of at one George Morris', near the place where the accident happened, and plaintiff was compelled to leave her home and nurse him during his illness.

Plaintiff's instruction No. 4, in effect, tells the jury that an unlawful sale of intoxicating liquors by defendant's barkeeper amounts in law to an unlawful sale by the defendant. In this respect the instruction is right. This is a well recognized prin-

ciple of law, and has been applied often by this Court, and by the courts of other states, even in cases where the unlawful sales were made by clerks in disobedience of express directions given them by their principal. *Pennington* v. *Gillaspie,* 66 W. Va. 643 (66 S. E. 1009) ; *State* v. *Nichols,* 67 W. Va. 659, recently decided by this Court; 23 Cyc. 320. But the instruction is bad in one respect. It attempts to recite what constitutes an unlawful sale, under the civil damage act, and does not correctly do so. In so far as the act relates to the intoxication of persons, *sui juris,* there are two kinds of unlawful acts named in the statute which are made the basis of an action for injury resulting therefrom. These are defined in section 21, chapter 32, Code 1906. One is a sale, or gift, to a person who is intoxicated at the time, or who is in the habit of drinking to intoxication. And in order for a sale, or gift, to such a person to be unlawful, the person who makes the sale, or gift, must know, at the time, that such person is either intoxicated, or is in the habit of drinking to intoxication; or he must have reason to believe that such is his condition, or habit. The *scienter* is here an essential element of the offence. The other unlawful act consists in permitting a person to drink to intoxication on the seller's premises, or on premises under his control. In such case it matters not what were the previous habits of the person who thus becomes intoxicated; no *scienter* is necessary. This instruction tells the jury that if defendant's clerk sold intoxicating liquors to plaintiff's husband "when he was intoxicated, *or* when the defendant or said barkeepers or clerks or any of them knew or had reason to believe that said Duckworth was intoxicated or in the habit of drinking to intoxication," etc. By the use of the word "or" the elements, which must be taken together to constitute an unlawful sale, are separated, and the jury are inferentially told that the sale, or gift, of intoxicating liquors to an intoxicated person is an unlawful sale without regard to whether the seller knew, or had reason to believe, the person was intoxicated at the time, or not. It omits the *scienter* which is an essential ingredient of the offense.

Counsel for defendant in error insists that the word "or" should be read as "and". But to insert "and" instead of "or", would be to transform the meaning of the language. It would

change the sense of the instruction. "Or", as the word is here used, does not mean "and", and we are compelled to give the word its usual and ordinary meaning, there being nothing to indicate that it was intended to have any other meaning.

Plaintiff's No. 5 is bad, because it instructs the jury that they "*shall find*" exemplary damages, in the event they find the facts to exist which entitled plaintiff to recover actual damages. This is the same fault found with instruction No. 1.

Defendant offered two instructions which were refused. No. 1 would have told the jury that before they can find exemplary damages "they must believe from the evidence that the defendant was guilty of a gross fraud, malice, oppression, or wanton, wilful or reckless conduct, or criminal indifference to civil obligations affecting the rights of others when he or his clerks or agents sold intoxicating liquors to the said G. B. Duckworth or permitted the said G. B. Duckworth to drink said liquors upon his premises, to intoxication." This instruction is erroneous, and was properly refused. All that was necessary to warrant the jury to find a verdict including exemplary damages, was that the evidence should prove that the sale of intoxicating liquors to plaintiff's husband was unlawful, and that plaintiff was injured in her means of support in consequence thereof. The statute gives the right to exemplary damages, and no other ground therefor need be shown than is required to entitle one to actual damages. *Pennington* v. *Gillaspie,* 66 W. Va. 643 (66 S. E. 1009) ; *Mayer* v. *Frobe,* 40 W. Va. 246; *McMaster* v. *Dyer,* 44 W. Va. 644.

Defendant's instruction No. 2 would have told the jury that the "plaintiff is not entitled to recover, in this case, damages for the husband, G. B. Duckworth's, having his leg broken". This instruction correctly states the law, and should have been given. Plaintiff was not entitled to recover damages on account of the injury to her husband, but only for injury to her person, property or means of support in consequence of her husband's intoxication.

The judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*