LILLIAN A. HEALEY *v.* FRANK B. CADY.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed June 22, 1932.

*Raymond Trainor* for the defendant.

*Fenton, Wing, Morse & Jeffords* for the plaintiff.

SLACK, J.  The plaintiff is the widow of John J. Healey who died from injuries inflicted upon him by one Oscar Leneau. She seeks to recover for the loss of her means of support occasioned by the death of her husband.

The action is brought under G. L. 6579, which provides: "A husband, wife, child, guardian, employer or other person who is injured in person, property or means of support by an intoxicated person or in consequence of the intoxication of any person, shall have a right of action in his or her own name, jointly or severally, against a person or persons, who, by selling or furnishing intoxicating liquor, have caused in whole or in part such intoxication."

The declaration alleges, in substance, that on May 6, 1931, the defendant sold intoxicating liquor to Healey and also to Leneau upon which both became intoxicated; that while so intoxicated Healey and Leneau got into a fight between themselves in which Leneau, "who was then and there intoxicated," inflicted injuries upon Healey that resulted in the latter's death, whereby the plaintiff was injured in her means of support, etc. The plea is the general issue. The plaintiff had a verdict and judgment, and the case is here on defendant's exception to the charge.

The court charged the jury in part as follows: "If you find that they or either of them (referring to Healey and Leneau) became intoxicated on cider that was furnished by the defendant, then you should inquire whether or not the fight resulting in the death of Healey came about wholly or in part by reason of the intoxication of one or both of these men; and if you find that his death resulted from the stab wound in the heart inflicted by Leneau while Leneau and he or either of them was under the influence of intoxicating liquor, then the plaintiff is entitled to recover."

This was excepted to on the ground that there could be no recovery under the declaration unless the jury found that Leneau was intoxicated at the time he inflicted upon Healey the injuries from which he died.

That part of the charge excepted to was later changed, but not in a manner to affect the exception.

466

■ ■ The statute under which this suit is brought gives a right of action to certain persons who may be injured in person, property or means of support *by an intoxicated person* against the party who by selling or furnishing intoxicating liquor to such person causes in whole or in part his intoxication. It also gives a like remedy to the persons named who may in the same manner be injured *in consequence of the intoxication of any person.* This statute was enacted to compel those who will hazard causing damage by furnishing intoxicating liquor to others to answer for such damage to those who may suffer it. It created a remedy for wrong where there was none before, and is, on familiar principles, to be liberally construed to effectuate its purpose. *Smith* v. *Wilcox,* 47 Vt. 537. This does not mean, of course, that its scope is to be enlarged by judicial construction, but that it is to be interpreted according to its true intent and meaning, having in mind the evil to be remedied and the object to be attained. *Mead* v. *Stratton,* 87 N. Y. 493, 41 A. R. 386.

■ It should be borne in mind, too, that this statute by necessary implication changed the common-law rule of proximate cause which obtains in other tort actions. It does not require that the sale or furnishing shall be the proximate cause of the injury. It requires, only, that the injury be caused *by* an intoxicated person, or *in consequence* of the intoxication of any person. *Duckworth* v. *Stalnaker,* 68 W. Va. 197, 69 S. E. 850; *Volans* v. *Owens,* 74 N. Y. 526, 30 A. R. 337; *Bertholf* v. *O'Reilly,* 74 N. Y. 509, 30 A. R. 323; *Mead* v. *Stratton, supra; Homire* v. *Halfman,* 156 Ind. 470, 60 N. E. 154.

Under statutes giving a right of action for injury to the means of support *in consequence* of the intoxication of any person, suits by those dependent upon the intoxicated person for support against the one who sold or furnished the liquor that caused the intoxication of such person have been maintained where the intoxicated person was found dead in his buggy in such position as to indicate that death was caused by his head coming in contact with a wheel of the buggy, *Mead* v. *Stratton, supra;* where the intoxicated person died from exposure to the cold, *Rafferty* v. *Buckman,* 46 Iowa, 195; where the intoxicated person was run over by the cars, *Schroder* v. *Crawford,* 94 Ill. 357, 34 A. R. 236; where the intoxicated per-

son was drowned, *Morarity* v. *Bartlett*, 34 Hun, 272, *McCarty* v. *Wells*, 51 Hun, 171, 4 N. Y. S. 672; where the intoxicated person committed suicide, *Blatz* v. *Rohrbach*, 116 N. Y. 450, 22 N. E. 1049, 6 L. R. A. 669; *Bistline* v. *Ney Bros.*, 134 Iowa, 172, 111 N. W. 422, 13 L. R. A. (N. S.) 1158, 13 Ann. Cas. 196; where the intoxicated person was injured in being ejected from a saloon because he was boisterous and offensive, *Duckworth* v. *Stalnaker, supra;* where the intoxicated person was convicted of murder and sent to prison, *Homire* v. *Halfman, supra; Zibold* v. *Reneer*, 73 Kan. 312, 85 Pac. 290; *Beers* v. *Walhizer*, 43 Hun, 254; and many other cases of similar nature. See, also, *Good* v. *Towns*, 56 Vt. 410, 48 A. R. 799; *McQuade* v. *Hatch*, 65 Vt. 482, 27 Atl. 136; *Currier* v. *McKee*, 99 Me. 364, 59 Atl. 442, 3 Ann. Cas. 57; *Baker & Reddick* v. *Summers*, 201 Ill. 52, 66 N. E. 302.

The foregoing cases show that to entitle the plaintiff to recover it was only necessary for her to allege and prove that the defendant furnished her husband the liquor upon which he became intoxicated, and that in consequence of such intoxication he got into a fight with Leneau in which Leneau so injured him that he died, whereby she was injured in her means of support, etc. This she did. She did more. And the defendant contends, that since she alleged that he also furnished Leneau liquor upon which he became intoxicated, and that Leneau was so intoxicated when he injured Healey, and since the evidence tended to support these allegations, the plaintiff could not recover unless Leneau's intoxication was established. If he is right about this, the charge, of course was erroneous. But we do not accept this view of the matter. It is a familiar rule in this State that a party by pleading more facts than are necessary does not thereby obligate himself to prove them. *Humphrey* v. *Twin State Gas & Electric Co.*, 100 Vt. 414, 424, 139 Atl. 440, 56 A. L. R. 1011; *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 110, 130 Atl. 758; *Bosworth* v. *Bancroft*, 74 Vt. 451, 52 Atl. 1050. If not necessary to prove such facts, it logically follows that it is not necessary that they be submitted to the jury although proof is offered to support them.

The defendant claims a variance between the declaration and proof, and the case submitted by the charge, and has called attention to several of our own cases in which the subject of vari-

468

ance is discussed. None of them has any bearing on the question before us. If the court properly submitted the issues essential to a recovery, and it did, it did all that was necessary, and its failure to submit non-essential issues did not constitute error.

The defendant further claims that by alleging that Leneau was intoxicated when he inflicted the injury upon Healey which caused the latter's death, 'the plaintiff elected to stand on that provision of the statute that gives a right of action for injury caused *by* an intoxicated person. Such is not the effect of the allegations, since they are broad enough to cover both provisions of the statute, namely, the one giving a right of action for injury caused *by* an intoxicated person, and the one giving the right of action for injury caused *in consequence* of the intoxication of *any person*. Whether it was permissible to join them in the same count we need not, and do not, consider, since that question was not raised.

This disposes of the only question presented by the exceptions.

*Judgment affirmed.*