DETROIT FIDELITY & SURETY CO. *v.* SCHINAGEL.

1. Garnishment—Liability of Garnishee Defendant.

From time of service of writ of garnishment, garnishee defendant was liable to plaintiff to ''amount'' or value of bank stock it·held, and was forbidden to part with it,· and principal defendant was not entitled to possession or benefit from said stock until plaintiff's claim was satisfied (3 Comp. Laws 1929, §§ 14857, 14858).

2. Same—Substituted Property in Hands of Garnishee.

Where garnishee defendant permitted principal defendant to substitute certificate of deposit for bank stock in its hands at time of service of writ, judgment in garnishment should run for value of said certificate, although stock for which said bank stock was converted is now worth much less than value of certificate (3 Comp. Laws 1929, §§ 14857, 14858).

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 18, 1933. (Docket No. 55, Calendar No. 36,693.) Decided April 4, 1933.

Garnishment proceedings by Detroit Fidelity & Surety Company, a Michigan corporation, against Leo Schinagel, principal defendant, and United States Fidelity & Guaranty Company, a Maryland corporation, garnishee defendant. William Tann, receiver of principal defendant intervened. From judgment for plaintiff against garnishee defendant, intervener appeals. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg* (*Edward T. Kelley,* of counsel), for plaintiff.

*John McNeil Burns* (*Cyril E. Bailey,* of counsel), for principal defendant and intervener.

FEAD, J.   January 12, 1929, garnishee defendant filed disclosure and plaintiff made demand for trial of the statutory issue.   May 22, 1930, intervener was appointed receiver of the principal defendant.   February 15, 1932, on stipulation, garnishee filed an amended disclosure.   In both disclosures garnishee stated that it held a certificate of deposit for $1,000 and a certificate for 20 shares of Bank of Detroit stock, as collateral to indemnify it as surety on an appeal bond of defendant.   Judgment for plaintiff in the principal suit was entered March 1, 1932, for $6,947.

The question is, For what property or amount should judgment in garnishment run?   The difficulty arises from the fact that on or about September 13, 1929, defendant desired to withdraw the Bank of Detroit stock from the custody of garnishee; it was done, and a certificate of deposit for $5,500 was substituted therefor as representing the then fair value of the stock.   When the writ of garnishment was served, the stock was worth $4,660.   After being withdrawn by defendant, it was converted into stock of the Union Guardian Group, which, at the time of the hearing of the garnishee issue, was worth about $840.

The court entered judgment against garnishee for the certificates of $1,000 and $5,500.

Intervener contends that the $5,500 certificate of deposit is not subject to the proceedings because it was not held by the garnishee when the writ was served; that the court should proceed as though garnishee still holds the bank stock; that the liability is to be determined under the practice applicable when the garnishee has possession of the property and refuses to deliver it for levy (3 Comp. Laws

1929, §§ 14875, 14879) ; and final judgment should be for approximately $840.

The contention requires the trial court not merely to indulge the fiction, but to find as a fact, contrary to the undisputed evidence and the concessions, that garnishee still holds the bank stock, and to pursue a circuitous and vain procedure to charge it with liability. A court cannot be expected to conceive such imagining nor search for ways to enable parties guilty of irregular action to erase their intentional acts and escape their effect. The only excuse for such procedure could be the protection of the rights of an innocent party.

From the time of the service of the writ, the garnishee was liable to the plaintiff to the "amount" (value) of the bank stock, and was forbidden to part with it. 3 Comp. Laws 1929, §§ 14857, 14858. Defendant was entitled to no possession of or benefit from the stock until plaintiff's claim was satisfied. The effect of the exchange was not to put new money of defendant into the hands of the garnishee after service of writ, but to substitute the certificate of deposit for the stock certificate with the same status in relation to the garnishment. The effect followed the exchange from the agreement of the parties and also from the obligations of the garnishee in the absence of agreement.

Plaintiff is content with the situation, both as to substitution of property and amount. So we need not determine its rights and remedies in case it were dissatisfied with the situation created by defendant and garnishee.

The question here involved does not seem to have been passed upon by the courts, but in *Thayer* v. *Partridge,* 47 Vt. 423, the garnishees were charged

with the proceeds of property sold by them; the court apparently deeming the liability so obvious as not to require demonstration.

Judgment affirmed, with costs.

McDonald, C. J., and Clark, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.