## John H. Winney v. Ransom & Hastings, Inc.; Paul H. & Rebecca Barnard, Individually & in Their Capacity as Owners, Officers & Directors of Ransom & Hastings

[542 A.2d 269]

No. 85-031

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned.**

Opinion Filed January 15, 1988

*Gale, Gale, Barile & Corum, Thomas W. Costello, and Ardith L. Baldwin*, Brattleboro, for Plainiff-Appellant.

*Carbine, Pressly and Seager*, Rutland, for Defendants-Appellees Howard and Quarter Moon, Inc.

*C. Nicholas Burke* of *Baker & Hayes*, Lebanon, New Hampshire, for Defendants-Appellees Mozier.

**Peck, J.** This is an interlocutory appeal from the granting of defendants' motions to dismiss by the Windham Superior Court, pursuant to V.R.A.P. 5(b). Two issues are presented for our review: first, whether the remedy provided by Vermont's Dram Shop Act, 7 V.S.A. § 501, precludes a common law action for the negligent sale or furnishing of intoxicating liquor and second, whether such a common law action exists. We affirm.

For purposes of this appeal, we must assume as true all of the facts alleged by plaintiff in his amended complaint, and all reasonable inferences that can be drawn therefrom. *Association of Haystack Property Owners, Inc.* v. *Sprague*, 145 Vt. 443, 444, 494 A.2d 122, 123 (1985) (citing *Jones* v. *Keogh*, 137 Vt. 562, 563, 409 A.2d 581, 582 (1979)). Defendant, Ransom & Hastings, Inc. (R & H), leased premises owned by defendants, Everett J. Mozier and Angeline Mozier (Mozier), and operated a bar on those premises called "Ransom & Hastings." Defendant Quarter Moon, Inc. (QM), leased premises owned by defendant James L. Howard (Howard), and operated a bar on those premises called "Quarter Moon."

On November 27, 1981, R & H and QM sold or furnished intoxicating liquor to Dana Shippee while he was apparently under the influence of liquor. Thereafter, Mr. Shippee, while driving on Route 142 in Vernon, Vermont, lost control of his vehicle, went off the road, and crashed into a tree. As a result of the impact, plaintiff, John Winney, a passenger in Mr. Shippee's vehicle, was injured.

Plaintiff commenced this action in Windham Superior Court. His amended complaint set forth causes of action against each of the defendants under 7 V.S.A. § 501 (the Dram Shop Act), and under common law negligence. Defendants filed motions to dismiss plaintiff's negligence actions, on the grounds that the rights and remedies provided by 7 V.S.A. § 501 are exclusive and that no common law remedy exists. The superior court granted defendants' motions to dismiss, and plaintiff filed a motion for permission to take an interlocutory appeal, which the court granted.

We first address the issue of whether Vermont's Dram Shop Act preempts a cause of action in common law negligence.

It is a general rule of construction in Vermont that "[w]here a statute confers a remedy unknown to common law, and prescribes the mode of enforcing it, that mode alone can be resorted to." *Thayer* v. *Partridge*, 47 Vt. 423, 428 (1875). See also *Gregory* v.

*Kurtis*, 108 Mich. App. 443, 449, 310 N.W.2d 415, 418 (1981) ("where a new right is created or a new duty imposed by statute, the remedy provided for enforcement of that right by the statute for its violation and nonperformance is exclusive . . . ."); *Snyder v. Davenport*, 323 N.W.2d 225, 227 (Iowa 1982) ("when a statute gives a right and creates a liability unknown at common law, and at the same time points to a specific method by which that liability can be ascertained and the right assessed, this method must be strictly pursued.").

Under traditional common law principles, no remedy existed against the seller or furnisher of intoxicating liquor for injuries to third persons. A tavern owner or operator was not liable for injuries sustained off-premises by third persons as a result of an intoxicated person's acts, even though the owner or operator contributed to the accident by negligently serving the patron. *Megge v. United States*, 344 F.2d 31, 32 (6th Cir.), *cert. denied*, 382 U.S. 831 (1965). The reason usually given for this rule is that human beings, drunk or sober, are responsible for their own torts, and no proximate cause existed between a sale of liquor and a tort committed by a buyer who has drunk the liquor. *Id.*

The Vermont legislature recognized the common law rule of nonliability, and enacted a Dram Shop Act to create a cause of action against one who furnishes intoxicating liquor to a person who thereafter voluntarily becomes intoxicated and injures the person or property of third parties. In *Healey* v. *Cady*, 104 Vt. 463, 161 A. 151 (1932), this Court discussed the predecessor statute to 7 V.S.A. § 501, and described that statute as creating a "remedy for wrong where there was none before . . . ." *Id.* at 466, 161 A. at 152. The Court went on to say, "this statute by necessary implication changed the common-law rule of proximate cause which obtains in other tort actions." *Id.* Under the new Dram Shop Act, it was no longer necessary to prove that the act of furnishing liquor proximately caused the injury to third parties. A fair reading of the language from *Healey* quoted above indicates that: 1) no common law action for the negligent sale or furnishing of intoxicating liquor existed in Vermont at the time the Dram Shop Act was enacted; 2) the legislature created a new tort; 3) the legislature chose not to include in the new tort a proximate causation requirement. Vermont's Dram Shop Act thus created a remedy which was unavailable under traditional common law principles, and it prescribed a specific method of enforce-

ment. Under the principle of law enunciated by this Court in *Thayer*, 47 Vt. at 428, it follows that Vermont's Dram Shop Act provides the exclusive remedy for cases falling within its scope, and preempts a cause of action in common law negligence.

We therefore hold that *where the particular facts of a case fall within the scope of Vermont's Dram Shop Act*, the act affords the exclusive remedy. Other jurisdictions share this view of their respective dram shop acts. See *Cummingham* v. *Brown*, 22 Ill. 2d 23, 30-31, 174 N.E.2d 153, 157 (1961) (Illinois Dram Shop Act provides only remedy against tavern owners and operators for injuries by an intoxicated person); *Snyder* v. *Davenport*, 323 N.W.2d at 227 ("a suit against a liquor licensee for selling liquor to an intoxicated person may be brought only by following the statutory scheme" when case falls squarely within the scheme); *Gregory* v. *Kurtis*, 108 Mich. App. at 450, 310 N.W.2d at 418 (exclusive remedy is provided by Michigan's Dram Shop Act); *Robinson* v. *Lamott*, 289 N.W.2d 60, 65 (Minn. 1979) (Minnesota's civil damage act "constitutes the exclusive remedy and thus no common-law negligence action is maintainable.").

In *Langle* v. *Kurkul*, 146 Vt. 513, 510 A.2d 1301 (1986), we viewed Vermont's Dram Shop Act in the specific context of social host liability. The plaintiff in *Langle* was an imbiber who injured himself allegedly as a result of a social host's serving of intoxicating liquor. The Court held that the Dram Shop Act provides a cause of action only to *third persons* who are injured by an intoxicated person, and provides no remedy to the imbiber for injuries to himself as the result of his excessive alcohol consumption. Because the plaintiff in *Langle* was not injured as a third party, he had no remedy under Vermont's Dram Shop Act. The Court went on to suggest that the Act does not prevent or foreclose the possibility of a common law cause of action in negligence against a social host in two situations: 1) "where the social host furnishes alcoholic beverages to one who is visibly intoxicated and it is foreseeable to the host that the guest will thereafter drive an automobile, or [2] where the social host furnishes alcoholic beverages to a minor." *Id.* at 518, 510 A.2d at 1304. The Court's disposition in *Langle* reflects the inverse of our holding today: that when the particular facts of a case do *not* fall within the scope of Vermont's Dram Shop Act, this Court remains free to fashion an appropriate common law remedy.

Even though plaintiff has a remedy under 7 V.S.A. § 501, he argues in favor of an additional remedy, a common law action for the negligent sale or furnishing of intoxicating liquor. He cites several jurisdictions that have held that the furnishing of intoxicating beverages may be the proximate cause of injuries. In most of these jurisdictions, however, no dram shop act existed at the time of the judicial decisions, or, if one existed, it was inapplicable to the particular factual circumstances, just as in *Langle* v. *Kurkul,* 146 Vt. at 516, 510 A.2d at 1303, this Court found Vermont's Dram Shop Act inapplicable where the plaintiff was the imbiber, and not a third party. We simply disagree with the jurisdictions which have held that their state's Dram Shop Act did not prevent an action for common law negligence. See *Kowal* v. *Hofher,* 181 Conn. 355, 358-59, 436 A.2d 1, 2-3 (1980); *Klingerman* v. *Sol Corp.,* 505 A.2d 474, 477-78 (Me. 1986); *Berkeley* v. *Park,* 47 Misc. 2d 381, 262 N.Y.S.2d 290 (Sup. Ct. 1965); *Mason* v. *Roberts,* 33 Ohio St. 2d 29, 32, 294 N.E.2d 884, 887 (1973).

In the present case, plaintiff is provided a remedy in Vermont under 7 V.S.A. § 501, the Dram Shop Act. That statute provides in part:

> [a] person who is injured in person, property or means of support by an intoxicated person, or in consequence of the intoxication of any person, shall have a right of action . . . against a person or persons, who, by selling or furnishing intoxicating liquor unlawfully, have caused in whole or in part such intoxication. If such intoxicating liquor was so sold or furnished to such person in a rented building, and the owner of such building . . . knew . . . that intoxicating liquor was sold . . . by his tenant . . . contrary to law, such owner may be joined as defendant . . . .

7 V.S.A. § 501. Plaintiff alleges that the driver of the automobile in which he was injured was served intoxicating liquor on the night of the accident while apparently under the influence of liquor, contrary to Regulation 19 of the Vermont Liquor Control Board.* The facts alleged in plaintiff's amended complaint fall

---

* Regulation 19 states: No alcoholic liquor shall be sold or furnished to a person apparently under the influence of liquor. No alcoholic liquor may be consumed on the licensed premises by any person apparently under the influence of liquor.

squarely within the scope of coverage of Vermont's Dram Shop Act. Therefore, Vermont's Dram Shop Act provides the exclusive remedy to which plaintiff may resort.

Our determination of the first issue presented for our review makes it unnecessary for us to address the second issue on appeal.

*Affirmed.*

No person under the influence of alcoholic liquor shall be allowed to loiter on the licensed premises.