## Vicki Plante v. Nancy Johnson

[565 A.2d 1346]

No. 87-585

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed August 4, 1989

*Vincent Illuzzi Associates*, Orleans, for Plaintiff–Appellee.

*Lawrence Miller* and *Harold E. Eaton, Jr.* of *Miller, Cleary & Faignant, Ltd.*, Rutland, for Defendant–Appellant.

**Dooley, J.** Defendant Johnson, a driver in an automobile negligence action, appeals from denial of her motion in arrest of a consolidated judgment in plaintiff's favor against both her and Cheers, Inc., a defendant sued under Vermont's Dram Shop Act, 7 V.S.A. § 501 et seq. We affirm.

Plaintiff was injured when she was involved in an automobile accident with defendant. She sued defendant as the driver of the other car and in a separate action sued Cheers, Inc. and a second tavern under the Dram Shop Act, alleging liability for the same injuries resulting from the accident. Plaintiff moved under V.R.C.P. 42(a) for consolidation, but defendant objected, and the trial court ordered the suits to be tried jointly, but not to be consolidated. In the joint trial, the jury returned separate verdicts against defendant and against Cheers, Inc.,[1] each in the amount of $50,000. The verdict against Cheers preceded the verdict against defendant by a day. Thereafter the court issued a consolidated judgment for $47,500, reflecting the amount of the verdict, less the amount recovered in a settlement with the other Dram Shop Act

---

[1] Plaintiff had settled her case against the other Dram Shop Act defendant for $2,500.

defendant. Defendant moved in arrest of judgment, based on both Vermont case law and grounds of public policy, arguing that a consolidated judgment was improper where the actions had not been consolidated for trial and that plaintiff had in effect elected to enforce her rights solely against the Dram Shop Act defendants.

Defendant advances three theories to support her argument of an election by plaintiff: the first under 12 V.S.A. § 1036, the comparative negligence statute; a second based on policy considerations under the Dram Shop Act; and a third under Vermont case law.

Defendant's comparative negligence argument is based on the fact that the verdict against Cheers came before the verdict against her. The significance of this timing is, as defendant argues, that under Vermont's comparative negligence statute, 12 V.S.A. § 1036, joint and several liability has been replaced with several liability. *Howard v. Spafford*, 132 Vt. 434, 437, 321 A.2d 74, 76 (1974). Thus, defendant urges that where the liability is several, the verdict against Cheers for plaintiff's entire damages left nothing to assess against defendant.

■ Defendant has raised the issue of her rights under § 1036 for the first time on appeal in this Court. She failed to raise the applicability of the statute during trial or in her arrest of judgment motion. In *English v. Myers*, 142 Vt. 144, 149–50, 454 A.2d 251, 254 (1982), this Court declined to consider a challenge to a jury verdict for failure to apportion under 12 V.S.A. § 1036 because the challenge was not made in the trial court. We believe that *English* governs here and prevents defendant from raising this issue for the first time on appeal.

Even if we reached the § 1036 issue, we point out that defendant would face some difficult hurdles under the statute. While *Howard v. Spafford* held that several liability has replaced joint and several liability where 12 V.S.A. § 1036 applies, there is serious question whether the statute applies in this case for three reasons. We raise these issues only to show that the failure to raise the applicability of § 1036 in the trial court is more than a technical omission. This case involves

important questions about the application of comparative negligence principles that need development in the trial court.

First, the statute provides for apportionment among defendants, suggesting that only those joined in the same action should be considered in apportioning damages. See *Howard v. Spafford*, 132 Vt. at 437, 321 A.2d at 76 (several liability applies to "joint tortfeasors held liable *in a judgment*"). Here, defendant resisted joinder between the action against her and the action against Cheers. Thus, it is not clear that the statute allows her to rely on liability imposed in a wholly separate action.

■ Second, the theory of liability against Cheers does not clearly fall under the statute. Cheers was held liable under the dram shop statute, 7 V.S.A. § 501. Liability under that statute is not based on negligence. See *id.*; *Langle v. Kurkul*, 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986) (act "provides a cause of action in strict liability to injured third persons; it does not address a cause of action in negligence"). There is a split of authority on whether a comparative negligence statute applies in strict liability cases. See *Page v. Smith-Gates Corp.*, 143 Vt. 280, 283 n.*, 465 A.2d 1102, 1104 n.* (1983) (question is recognized as open); *Smith v. Goodyear Tire & Rubber Co.*, 600 F. Supp. 1561, 1568 (D. Vt. 1985) (jury may consider evidence of plaintiff's negligence in assessing damages on strict liability claim; not clear whether decision is based on 12 V.S.A. § 1036); *Thibault v. Sears, Roebuck & Co.*, 118 N.H. 802, 810, 395 A.2d 843, 848 (1978) (similar statute inapplicable to strict liability claims although court adopts comparative negligence for such claims as part of common law); see also *English v. Myers*, 142 Vt. at 150, 454 A.2d at 254 (where both master and servant are sued, there is no difference between them in degree of negligence and they are jointly and severally liable).

Third, there is no allegation that the plaintiff was negligent in this case. We note that the New Hampshire Supreme Court has held that its nearly identical statute does not apply to create several liability in the absence of an allegation of negligence on the part of the plaintiff. See *Lavoie v. Hollinracke*, 127 N.H. 764, 769–70, 513 A.2d 316, 319–20 (1986).

■ Defendant next argues that the Dram Shop Act preempts plaintiff's remedy against her. While we have held that the Act preempts a common law negligence action against the supplier of intoxicating liquor, *Winney v. Ransom & Hastings, Inc.*, 149 Vt. 213, 217, 542 A.2d 269, 271 (1988), there is nothing in the Act or the decisions to suggest that the Act supersedes the traditional common law negligence action against a person who has voluntarily become intoxicated and injures another. Indeed, the wording of the Act itself precludes this holding. As it existed at the time of this action, the Act stated in its last sentence as follows:

> The party injured or his legal representatives may bring either a joint action against the person intoxicated and the person or persons who furnished the liquor and the owner of the building, or a separate action against either or any of them.

7 V.S.A. § 501.[2] This sentence specifically provides for a separate action against the intoxicated person. The policy underlying Vermont's adoption of the Dram Shop Act did not undermine the policy against drinking and driving by individuals served by bars and taverns. Absent specific legislative direction, it is not for the courts to prefer one strong policy over another.

■ Finally, defendant argues that our common law dictates that a judgment against one joint tortfeasor prevents a judgment against another. Where liability is joint and several, as here, "a verdict in favor of one will not discharge the others." Prosser & Keeton on Torts § 47, at 328 (5th ed. 1984). The verdict against Cheers in this case did not prevent a verdict and judgment against defendant.

■ Defendant has also objected in this Court and below that the consolidated judgment was incorrect since the actions were not joined. Defendant's position is correct, but the error has not resulted in harm to either defendant and is readily corrected within the mandate to be issued herein. *English v. Myers*, 142 Vt. at 149, 454 A.2d at 254. The court's order will be amended to reflect separate judgments.

---

[2] The language is now contained in 7 V.S.A. § 501(b).

*The consolidated judgment of June 1, 1987 shall be reissued as two separate judgments, each of the same date and tenor as the original. The judgment of the trial court is otherwise affirmed.*