WILLIAM NEELY, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Defendants in Error.

### ERROR TO STEPHENSON.

If a juror has made up a decided opinion respecting the merits of the controversy, either from personal knowledge of the facts, from the statements of witnesses, from the relations of the parties, or from rumor, he is disqualified from trying the case, if challenged for cause.

NEELY was tried at the September term, 1851, of the Stephenson Circuit Court, SHELDON, Judge, presiding, upon an indictment for committing a rape. On the calling of the jury, the following named persons were drawn by the clerk of the court as jurors; and, being examined as to their competency, Peter Rue testified, that he had heard statements which he believed; and from those statements he had formed an opinion; that, if the evidence should turn out as he had heard, he had an opinion; that if the evidence should be different, he would be governed by the evidence in finding a verdict in said cause. Jared Sheetz, on his examination as to his competency, testified, that he had formed an opinion from statements he had heard; that at the time he heard the statements, he believed them. James Den-

ure, on his examination, testified, that he had formed an opinion in said cause, from statements he had heard; did not know if he had heard the statements from any witness in the cause; had an opinion, if the evidence should turn out as he had heard; if different, then he had no opinion. P. C. Shaffer testified, that he had frequently heard the case spoken of; was at Mount Carroll shortly after the examination was had before the justice; that he had been told by one person present what the evidence in the case was; that, if the evidence should turn out as he had been told, he had an opinion; if not, then he had no opinion. Each of the said four jurors testified, that he had formed an opinion as to the guilt or innocence of the defendant, from statements, in regard to the case, which he had heard, and which he believed to be true. Rue testified, that he had formed his opinion from statements which he believed, and still believes, to be true. Sheetz testified, that the statements he had heard came from such a source that he believed them to be true. Denure testified, that he believed the statements he had heard to be true; that he did not know whether he received them from witnesses in the cause or not; that he should believe the statements till disproved; that, if proved to the contrary, he did not know that the opinion formed would influence him. Shaffer testified, that he was at Mount Carroll just after the examination of the defendant before the magistrate; that a person then related to him what was sworn to on such examination; he had talked with another person from Mount Carroll about the case; he had heard statements in regard to the case from one of the counsel in it; he had formed an opinion in the cause from the statements he had heard, and he believed them to be true. The counsel for the defendant asked this juror whether, from all he had heard of the evidence and facts, he had formed such an opinion as would prevent him, after hearing the evidence in the cause, from rendering a fair and impartial verdict between the people and the defendant? to which he answered, it would not; that he had no bias that would not yield to testimony.

All of which said jurors, on the motion of the attorney prosecuting, the court set aside, and excluded said jurors for cause. To which ruling and setting aside of said jurors by the court, the defendant then and there excepted.

The above is a copy of the bill of exceptions, as presented by the record, in reference to the jurors excluded. The point submitted to this court by the defendant, on the writ of error, was the propriety of excluding the above-named jurors from sitting on the trial of the cause.

J. TURNER, for the plaintiff in error.

B. C. COOK, District Attorney, for the people.

TREAT, C. J. We have no doubt about this case. It was held in Smith *v.* Eames, (3 Scam. 76,) that, if a juror has made up a decided opinion respecting the merits of the controversy, either from a personal knowledge of the facts, from the statements of the witnesses, from the relations of the parties, or from rumor, he is disqualified from trying the case, if challenged for cause. The rule was adhered to in the cases of Gardner *v.* The People, (3 Scam. 83); Vermum *v.* Harwood, (1 Gilm. 659); and Baxter *v.* The People, (3 Gilm. 368,) and must now be considered as the settled doctrine of this court. Applying this test to the present case, the jurors were clearly incompetent, and the court properly allowed the challenges for cause. Each of the jurors had formed a definite opinion, as to the guilt or innocence of the prisoner, based upon information as to the facts of the case, which he believed to be true. His opinion was of a positive, and not of a hypothetical character. He would have entered the jury-box with a fixed opinion, as to the question to be determined, which would have controlled his action as a juror, unless the testimony disclosed a state of facts materially different from what he already believed them to be.

The judgment is affirmed. *Judgment affirmed.*