# CHARLESTON.

McMaster *v.* Dyer.

Submitted January 31, 1898—Decided April 6, 1898.

1. Intoxicating Liquors—*Sales to Minor—Married Woman—Damages.*

   Under section 20, chapter 32, Code, a married woman, injured in person, property, or means of support, by reason of unlawful sales of intoxicating liquors to a son, may maintain a suit for damages, notwithstanding her husband, father of such son, be living. (p. 647).

2. Exemplary Damages.

   The case of *Mayer* v. *Frobe*, 40 W. Va. 246, determined that the rule as to exemplary damages propounded in the case of *Pegram* v. *Stortz*, 31 W. Va. 220, was not the law of this State. (p. 648).

Error to Circuit Court, Lewis County.

Action by E. V. McMaster against P. J. Dyer to recover damages for unlawfully selling liquors to her minor son. Plaintiff had judgment, and defendant brings error.

*Affirmed.*

W. B. McGeary and W. W. Brannon, for plaintiff in error.

Linn & Withers, for defendant in error.

Dent, Judge:

P. J. Dyer, on a writ of error to a judgment of the circuit court of Lewis county in favor of E. V. McMaster for the

sum of two thousand dollars, assigns the following errors: "(1) The court erred in refusing to permit the defendant's counsel to ask H. P. McMaster the question as to which an exception was taken. (2) The court erred in giving instructions Nos. 1, 2, 3, 4, and 5 asked by the plaintiff. (3) The court erred in refusing to give instruction A asked by the defendant. (4) The court erred in overruling the motion to set aside the said verdict as without sufficient evidence. (5) The court erred in overruling the motion to set aside the verdict as contrary to the law and the evidence, and on the ground of newly-discovered evidence." The plaintiff sued the defendant for selling to her minor son, James H. McMaster, intoxicating liquors, contrary to law, by reason whereof she was injured in her means of support.

H. P. McMaster, husband of the plaintiff, and a witness in the case, was asked by defendant's attorney, "If you win this case, do you expect to sue in the name of every one of your children?" to which plaintiff objected, and the court sustained the objection; and this is the ground of defendant's first assignment of error. The question was wholly improper, and it was therefore promptly and rightly ruled out; for it was not a matter that the jury could consider in the plaintiff's suit, as it could not in the least affect her right of recovery. It is true, there could be but a single recovery of exemplary damages; but plaintiff was entitled to this, as being the first person to sue for the wrong committed. Her actual damages she is entitled to recover, without regard to the suit of others, either prior or subsequent. *Secor* v. *Taylor*, 41 Hun, 123.

The instructions referred to in the second and third assignments of error are as follows: "No. 1. The court instructs the jury that if the mother of a minor son has been injured in her means of support by the intoxication of such son, caused in whole or in part by intoxicating liquors unlawfully sold to him by a liquor dealer, the mother has a right of action against the person making such sale, although at the time of such injury she may be living with a husband, on whom she depends in part for her support. (Objected by defendant). No. 2. The court instructs the jury that if they believe from the preponder-

ance of the evidence that the defendant has injured the plaintiff, in person or in means of support, in manner and form as alleged in the declaration, by unlawfully selling to her minor son, James Henry McMaster, intoxicating liquors, as alleged, and that his intoxication was caused, in whole or in part, by intoxicating liquors unlawfully sold to him by the defendant, as in the declaration alleged, and that such injury was the result of such intoxication, the jury should find for the plaintiff. No. 3. The court instructs the jury that a sale of intoxicating liquors by a liquor dealer to a minor is unlawful, if at the time of such sale the liquor dealer knows, or has reason to believe, that the purchaser is a minor. No. 4. The court instructs the jury that if they believe, from a preponderance of the evidence, that the allegations of the plaintiff's declaration have been substantially proved, then the jury should find for the plaintiff. No. 5. The court instructs the jury that if they believe, from the preponderance of the evidence, that the plaintiff is the mother of James Henry McMaster, that he is a minor, and that the defendant, by himself or his clerk, or any one acting under his authority, unlawfully sold to the said James Henry McMaster on the 25th day of May, 1895, at the defendant's place of business, at Weston, in this county, intoxicating liquors, and that the said intoxicating liquors, in whole or in part, caused the intoxication of the said James Henry McMaster, and that by reason of such intoxication the plaintiff was injured, in person or means of support, in manner and form as in the declaration alleged, then the jury should find for the plaintiff, and assess in her favor such damages as the jury should find from the evidence she has sustained by reason of such intoxication, and also exemplary damages, but not exceeding altogether ten thousand dollars. By 'exemplary damages' is meant such damages as should be inflicted upon a wrongdoer as a warning to him and others to prevent a repetition or commission of similar wrongs. (Objected by defendant.) (a) The court instructs the jury that, under the law of this State, a married woman cannot maintain an action against a liquor dealer for an illegal sale of liquor to her minor son, in consequence of which she may have been injured in person, property, or means of sup-

port; but the father, only, as between her and the father, is entitled to sue." The only serious objection urged to the action of the court on these instructions is that the plaintiff is a married woman, wife of the father of the minor whose intoxication gave rise to this suit, and that such father alone is entitled to maintain the same, for two reasons: First, because he is entitled to his son's wages; second, because he is the legitimate source of plaintiff's support. The answer to this is that the father is only entitled to the wages of the son so long as the latter is supported by the former, and such claim is subject to release by consent or waiver; and age, misfortune, or neglect may render a husband incapable of supporting his wife, and transfer the burden from his to her shoulders, or to their children,—as in this case it appears that the wife and mother was the active and managing member of the family, while the husband, owing to his infirmities, was dependent, to some extent, at least, on her efforts, and both depended on their one son; their other children being girls. The poor laws require children who are of sufficient means to support their parents. This is an obligation, not only legal, but in the highest degree moral. And, if any distinctions should be countenanced between parents, the claims of the mother should be regarded more favorably, for the reason that she is, as a rule, the more deserving. The question, therefore, whether the mother is entitled to maintain this suit, resolves itself into one of fact, to be determined by a jury, and not one of law, to be settled by the court on demurrer to the declaration, or by instructions. If the evidence showed that the plaintiff was supported by her husband, she could not maintain this suit, not being injured in her means of support by the unlawful sales of intoxicants to her son. On the other hand, if the evidence shows that she was injured in her means of support, she is entitled to maintain the action, notwithstanding her husband is living. In section 20, chapter 32, Code, under which this suit was instituted, it is expressly provided that "married women shall have the same rights to bring suits and to control the same and the amount recovered, as a *feme sole.*" The court committed no error in giving the instructions asked by plaintiff, and refusing the eon asked by the defendant.

The two remaining assignments are to the refusal of the court to disturb the verdict, as contrary to the law and the evidence. The principal objection urged is that, when some of the sales given in evidence were made, the law of the State as to exemplary damages was governed by the rule of the cases of *Pegram* v. *Stortz*, 31 W. Va. 220, (6 S. E. 485), and *Beck* v. *Thompson*, 31 W. Va. 459, (7 S. E. 447). Such, however, is not true, as the case of *Mayer* v. *Frobe*, 40 W. Va. 246, (22 S E. 58), disapproved and overruled those cases, and determined what the law was as to the past, as well as to the present and future, except as to such cases as had been finally ended and determined, and were past redemption. This was not one of them.

Whether the defendant knew or had reason to believe that James H. McMaster was a minor, was a question for the jury. Certainly the evidence tended to prove such to be the case. The defendant denies the sales *in toto*, and the jury disbelieved him. They weighed the testimony, and fixed the damages; and, while their finding is apparently severe, yet this Court is without authority to interfere therewith, and the judgment must be affirmed.

*Affirmed.*