# CHARLESTON.

CARPENTER *v.* HYMAN.

Decided February 2, 1910.

1. JURY—*Competency—Prejudice.*

The fact that one is prejudiced against the business of selling intoxicating liquors does not render him incompetent as a juror on the trial of an action for damages arising under the liquor law, if he has no prejudice against the party engaged in that business from whom the damages are claimed.

2. SAME—*Competency of Juror—Right of Litigant to Examination.*

A litigant has the right to ascertain the fitness of the jurors called, by an examination within the scope of that provided by Code 1906, chapter 116, section 17; but the trial court, in the exercise of a sound discretion, may properly limit the extent of the examination in relation to any of the qualifications contemplated by that statute.

3. TRIAL—*Instructions.*

An instruction based upon undisputed facts in evidence is not erroneous merely because it fails to submit those facts with the qualification "if the jury believe from the evidence."

4. INTOXICATING LIQUORS—*Right to Civil Damages—Injury to Means of Support—Intoxication of Minor Son.*

If a mother has been injured in her means of support by the intoxication of her minor son, she has a right of action against

one who unlawfully sold him the liquors which caused in whole or in part the intoxication, although at the time of such injury she was living with the husband and father on whom she depended partly for support.

5.  TRIAL—*Instructions—Evidence to Support.*

   In cases arising under the "civil damage law" it is improper to submit to the jury by an instruction whether they shall believe the plaintiff has been injured in person as well as in means of support, when there is no evidence of injury to plaintiff's person.

6.  DAMAGES—*Exemplary Damages.*

   Whether exemplary damages shall be found, in any case, must be left to the discretion of the jury; it is error to instruct that they should find exemplary damages.

7.  INTOXICATING LIQUORS—*Civil Damage Actions—Sufficiency of Evidence.*

   In "civil damage cases," as in ordinary damage cases, the evidence must afford data, facts and circumstances, reasonably certain, from which the jury may find compensation for the loss suffered by reason of the injury proved.

Error to Circuit Court, Cabell County.

Action by Diantha Carpenter against Sol. J. Hyman. Judgment for plaintiff, and defendant brings error.

> *Reversed and new trial awarded.*

*Marcum & Marcum,* for plaintiff in error.

*Isbell & Perry,* for defendant in error.

ROBINSON, PRESIDENT:

The plaintiff, by the verdict of a jury, recovered a judgment against the defendant, for the sum of three hundred dollars, upon the ground that defendant had caused loss to her means of support by the unlawful sale of intoxicating liquors to her minor son.

The first assignment of error calls into question the sufficiency of the declaration, the demurrer to which was overruled. We find the declaration sufficient. It is not subject to the fault alleged—that it does not state the cause of action in a way that affords the defendant a fair opportunity to make a full and complete defense. It is certain to a common intent.

The court refused to ask the jurors, when they were examined

as to their qualifications, whether any one of them had such prejudice against the business of selling intoxicating liquors under the license law as would prevent him from giving a person charged with illegal sales a fair and impartial trial. One is not disqualified to act as a juror by the mere fact that he is prejudiced against a business in which one of the parties is engaged, even though the case arose in connection with the exercise of the business, if he has no prejudice against the party himself. 17 Amer. & Eng. Enc. of Law, 1129. The fact that one is prejudiced against the sale of intoxicating liquors does not render him incompetent as a juror on the trial of an action for damages arising under the liquor law. 25 Cyc. 282. However, the question that the court declined to submit to the jurors embraces more than the simple inquiry as to prejudice against the business of selling intoxicating liquors. It would have inquired whether or not there existed with any of the jurors a prejudice against the business of weight sufficient to prevent the defendant from having a fair and impartial trial. It would have inquired whether any of the jurors were biased— not simply against the business but against the defendant because he was engaged in that business. The question related to bias or prejudice against the defendant in person. It is the right of every litigant in cases tried before a jury to have an impartial and unbiased panel. To this end, he has the right to ascertain the fitness of the jurors called, by an examination within the scope of that provided for by our statute on this subject. Code, chapter 116, section 17. In the case under consideration, it appears that the jurors were fully examined as to their qualifications. From the character of the inquiries we must assume that the court explained to them the nature of the action to be tried. They were asked whether any one of them knew any reason why he should not render an impartial verdict between plaintiff and defendant. That inquiry in fact asked for a disclosure of any bias or prejudice against the defendant. So the question that was refused was indeed a repetition of the inquiry, in another form. Because that question was more direct and specific than the inquiry which had been made, it would seem that the court should have propounded it. It searched deeper the consciences of the jurors as to their qualifications. The trial court, however, in the exercise of a

sound discretion, may properly limit the extent of an examination upon any of the particulars of qualifications of jurors. The examination must be made, if requested. How far it shall be prosecuted rests in the sound discretion of the court. It does not plainly appear that such discretion was abused in this case.

Several instructions to the jury were given at the request of plaintiff over the objection of defendant. We shall briefly observe those that appear to be improper. It is complained that the first one asserts facts as in evidence without the usual qualification "if the jury believe from the evidence." So it does. It says that the plaintiff is the mother of Fred Carpenter, the boy to whom it is alleged the liquor was sold; that he is a minor; and that his mother depended in part upon him for support. But there is no conflict in the evidence as to any of these facts They are absolutely uncontradicted. Since there is no conflicting evidence as to these facts, there is no error in stating them to the jury without qualification. "An instruction based upon an admitted fact or upon facts not disputed is not erroneous merely because it fails to contain the words, "if you believe from the evidence." 11 Enc. Pl. and Pr., 185. The instruction soundly states the law. By it the jury were properly told that if the plaintiff had been injured in her means of support by the intoxication of her son, caused in whole or in part by liquors unlawfully sold to him by the defendant, she has a right of action against the defendant, although at the time of such injury she was living with her husband on whom she depended in part for support. *McMaster* v. *Dyer,* 44 W. Va. 644.

The second instruction is faulty in one particular. It submits to the jury whether they shall believe plaintiff has been injured *in person* as well as in means of support. Yet there is not a word of evidence supporting the fact of injury to her person by reason of the alleged acts of defendant in selling liquors to her son. In a case similar to this one, decided at this term, *Pennington* v. *Gillaspie,* the giving of an instruction which referred to injury to plaintiff's person when there was no evidence of such injury was held to be error. It is improper to submit to a jury by an instruction any proposition turning on evidence when there is no evidence of any kind in

that regard. Such an instruction may impress the jury with the belief that there is evidence tending to prove a fact or state of facts when there is indeed none. It directs the attention of the jury to issues not involved. Thus it tends to mislead. Where it is clearly apparent that such an instruction did not mislead, there should be no reversal because it was given. But in this case we do not know how far the jury were controlled by the reference to injury to plaintiff's person.

Another instruction told the jury that, if they believed from the evidence a particular state of facts, they should find for the plaintiff and assess compensatory and exemplary damages. The state of facts necessary to a finding for plaintiff submitted in the instruction is unobjectionable; but the instruction is clearly erroneous in virtually directing the jury to find exemplary damages if they should believe that state of facts. The jury may find exemplary damages in addition to those of a compensatory character. But the court cannot properly tell them that they should find exemplary damages. Whether damages of this kind shall be found must be left to the discretion of the jury. It is true that an instruction in practically the same language was approved in *McMaster* v. *Dyer, supra.* But it was inadvertently approved. The point now under consideration was not raised in that case. Recently, the question has received mature consideration by this Court. "An instruction binding the jury to give exemplary damages is erroneous." *Fink* v. *Thomas,* 66 W. Va. 487 (66 S. E. 650). "If the plaintiff be entitled to actual damages the jury may be told in an instruction that they may also award exemplary damages; but it is error to tell them that they should award exemplary damages." *Pennington* v. *Gillaspie, supra.*

In view of the conclusion that we must announce, it is unnecessary to pass upon the refusal of the court to set aside the verdict for the admission of new evidence, claimed to have been discovered after the trial. Nor shall we advert to the alleged insufficiency of the evidence to support the verdict, except to suggest that it is questionable whether any substantial basis is afforded by which the jury could find an amount of actual damages for loss of means of support. The evidence must afford data, facts and circumstances, reasonably certain, from which the jury may find the actual loss. *Hurxthal* v. *Boom*

Co., 65 W. Va. 346. The rule in this particular is not different in cases under the liquor law from that in other damage cases. As to compensatory damages, the amount cannot be left to mere inference on the part of the jury. And some amount of actual damages must be justified by the evidence to support the addition of exemplary damages.

The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed and new trial awarded.*