# CHARLESTON.

## GREER *v.* ARRINGTON.

Submitted February 27, 1912.    Decided September 23, 1913.

1. TRIAL—*Reception of Evidence—Intoxicating Liquors.*

    In a suit under our civil damage act, it is not error to deny defendant's motion to exclude plaintiff's evidence, when the evidence tends in an appreciable degree to support the theory of the declaration and on which right of action is based. (p. 695).

2. APPEAL AND ERROR—*Objection Below—Admission of Evidence.*

    Error, if any, in the admission of evidence, if competent, will not be regarded here, unless covered by an exception at the trial. (p. 696).

3. SAME—*Harmless Error—Admission of Evidence.*

    If on the trial of an action under our civil damage act there be evidence that defendant sold intoxicating liquors to plaintiff's husband, contributing to his habits of inebriety, other evidence that he was intoxicated in defendant's saloon on a particular day, from liquors not proven to have been sold by him, though not very material, is not wholly irrelevant, and it is not reversible error to admit such evidence. (p. 696).

4. TRIAL—*Admissibility—Impeaching Evidence.*

    Though evidence of plaintiff, admitted over defendant's objection, tends to contradict the evidence of one of the latter's witnesses, on a collateral matter, and may not be good as impeaching evidence, nevertheless, if such evidence be good as evidence in chief, and as tending to support any of the issues, it is not reversible error to admit it. (p. 697).

5. INTOXICATING LIQUORS—*Action for Damages—Evidence.*

    If such evidence as is referred to in the preceding point, tends to show defendant's knowledge, or reason to believe plaintiff's husband was in the habit of drinking intoxicating liquors to excess, that being the ground of action, and a fact necessary to establish, it is not error to admit it. (p. 697).

6. TRIAL—*Instructions—Evidence.*

    In such action it is error to submit instructions to the jury on the question of injury to plaintiff's person, when there is no evidence of such personal injury. (p. 698).

7. DAMAGES—*Exemplary Damages—Instructions.*

    It is also reversible error in such action to peremptorily charge the jury that they *shall* or *should* find exemplary dam-

ages, such damages being wholly within the discretion of the jury. (p. 698).

8. APPEAL AND ERROR—*Harmless Error—Instructions—Exemplary Damages.*

Where the trial court has committed error in giving such peremptory instructions, this court can not assume from the size of the verdict that defendant has not been prejudiced thereby. (p. 698).

9. TRIAL—*Instructions.*

Though an instruction be good as an abstract proposition of law, but as applied to the concrete case, may tend to mislead the jury, it is not error to so modify the language as to make it cover the case presented. (p. 699).

10. APPEAL AND ERROR—*Waiver of Error—Failure to Object.*

And though it is the duty of the trial court, by sections 4 and 5, chapter 38, Acts 1907, on so modifying an instruction, if objected to, to so inform the jury, and give the instruction as its own, and not as that of the proponent of the original instruction, yet if there be no timely objection or exception to such erroneous action of the court, the error will be deemed to have been waived. (p. 699).

Error to Circuit Court, Mason County.

Action by Lena Greer against E. P. Arrington. Judgment for plaintiff, and defendant brings error.

*Reversed and New Trial Awarded.*

*John L. Whitten* and *Somerville & Somerville,* for plaintiff in error.

*Rankin Wiley,* for defendant in error.

MILLER, JUDGE:

In her declaration, in two counts, a wife charges defendant in the first with having sold intoxicating liquors to her husband, who, to the knowledge of defendant, had acquired the habit of drinking to excess, beginning April 30, 1908, and had continued therein up to the date of the institution of her suit, and by reason whereof he had neglected his work, squandered his money, and whereby she had been injured in her means of support, and by reason whereof he had been discharged from his employment, and had been without employment for the period of three months, and was yet without employment, and whereby he was

sick and disordered, and was unable and did not provide or furnish means of support for plaintiff, and whereby she was injured in her means of support. She also charges that by reason of such unlawful acts she sustained great bodily pain, anguish and anxiety.

In the second count she charges defendant with the same unlawful acts, and that they were done willfully and with intent on his part to injure plaintiff and deprive her of her means of support, with like results to her and her husband, and depriving her of her good health and injuring her in her domestic relations and affairs and inflicting on her other wrongs and injuries; all to her damage $5,000.00.

Numerous errors are assigned in the petition for the writ; but we will notice those only which seem to have merit, or have been relied on in argument, treating the others as abandoned.

First, it is insisted that the court erred, on the conclusion of plaintiff's evidence, in denying defendant's motion to exclude plaintiff's evidence relating to the discharge of John W. Greer from its employment by the Baltimore & Ohio Railroad Company. The contention is that plaintiff's action is based solely on the theory of injury sustained solely from the discharge of her husband and by reason of sales of liquor to him on the day or the day preceding such discharge, and that there being no evidence of any sale or sales to him on that day, the case must fail. In this view we think defendant is in error. The declaration is not based on that theory, but on the theory of a sale or sales beginning April 30, 1908, and continuing thereafter up to the date of the suit, and by reason of which plaintiff's husband was discharged. The facts were not very well or very clearly developed on the trial, but there is evidence that defendant made numerous sales to plaintiff's husband while he owned the saloon, between June, 1908, and April 28, 1909, the latter being the date of the suit, and the jury might very well have concluded, as they likely did, that these sales contributed to the injury of plaintiff in her means of support, provided of course there was evidence of such loss of support. The evidence is abundant that plaintiff's husband was in the habit of drinking to intoxication, and that this fact was known to defendant, or to

his bartenders, one of them plaintiff's brother, at the time sales were made, which sales were unlawful, and may have contributed to his habits of inebriety, and her consequential loss of support. We think there was no error in the ruling of the court admitting this evidence.

Another point of error is based on defendant's bills of exception Nos. 4 and 5. These relate to certain testimony of plaintiff as to her alleged loss of support by sales of intoxicants to her husband. The main point against this evidence is that the questions and answers assumed that Greer's discharge by the railroad company was the result of alleged illegal sales of intoxicants to him by defendant, as. to which it is contended there is no evidence. With respect to bill of exception No. 4, the motion, which was overruled, was not to strike out all the evidence, but only that part of it and covered by one of the questions and answers stating that Greer had been out of employment nearly one half of the time during that season. With respect to bill of exception No. 5, the questions and answers relate to plaintiff's changed condition of living after her husband's discharge by the railroad company. The answers were each objected to and none of them were answered except the last, namely, whether prior to that time plaintiff kept a servant. The bill of exception does not cover the answer, nor was the answer objected to. The answer was "Yes sir." This was followed by the question: "Was the servant discharged?" Answer, "Yes sir," and "For what cause?" Answer, "Because I did not have the money to pay her." To which questions and answers there was no objection or exception. We cannot, therefore, notice the alleged error. Besides we see no error in this testimony. True the questions and answers are based on plaintiff's theory, that defendant had sold liquors to her husband, and that he had lost his job on the railroad due to his inebriety, and that plaintiff had been injured in her means of support, and that defendant had contributed thereto. And we cannot see that this evidence was not pertinent to the questions before the jury.

The next point is covered by bill of exception No. 6, involving evidence of Horton Greer, son of plaintiff. This relates to the condition his father was in at the railroad station, the day or

day before he was discharged. It was proven not only by this witness, but by defendant, that Greer was drunk on that day. Though numerous questions and answers are covered by the bill of exceptions, only the last, relating to the father's condition, was objected to. True what Greer's condition, as to sobriety, was on that day, was not very material unless defendant sold him the liquor, which we may say was not proven, but he was in defendant's saloon only a few minutes before he was seen at the railroad station, and if by prior sales which defendant did make, he contributed to his drunken habits, a question for the jury on the whole evidence, and not for the court, we do not think the evidence wholly irrelevant. As already noted, plaintiff's case did not depend alone on the condition her husband was in on that day.

By his bill of exceptions No. 8, defendant complains of the evidence of plaintiff, admitted over objection, as to an alleged conversation with her brother, Wirt Greer, a witness for defendant, as to which the latter had been interrogated by plaintiff, on cross-examination. He did not remember the conversation. Mrs. Greer being recalled did recollect it, and swears, that her brother in a conversation, in February, year not designated, but presumably the February preceding the trial in October, 1909, referring to an occasion when her husband had been drunk, and he had taken his money and watch off of him for safe keeping, told her that because her husband was then in a drunken condition they did not then sell him more than three drinks. As to this matter Greer's testimony, though given on cross-examination, was in chief, for defendant had not examined him on that subject. It is therefore contended that plaintiff's evidence was improper, not binding on defendant, because relating to a conversation, at which he was not present, and was not proper to impeach Greer. The evident purpose of interrogating Greer was to show knowledge on his part, that plaintiff's husband was in the habit of drinking to intoxication. But as he did not remember the incident, her testimony, of course, his being on a collateral issue, would not be proper to impeach his. But was her evidence not proper evidence in chief, as tending to show that defendant's bartender and agent had notice when

selling liquors to her husband of his intemperate habits? The incident, if it occurred in January or February, 1909, antedated the suit, and if sales were then made to Greer, they were covered by the declaration, and took place within the time of defendant's ownership of the saloon. On this view the evidence was material and proper, for section 21, chapter 32, Code, makes sales of liquor to persons in the habit of drinking to intoxication, unlawful, if with knowledge, or reason to believe such persons in the habit of drinking to excess. It was, therefore, essential to her success that plaintiff should show knowledge or reason for believing her husband in the habit of becoming intoxicated, for by section 26, of said chapter, right of action is given only when such knowledge or reason for belief is properly imputable to the defendant, and the evidence excepted to tended to show this, the unlawful sale being the ground of the action. *Duckworth* v. *Stalnaker,* 68 W. Va. 197, 200, citing *Pennington* v. *Gillaspie,* 66 W. Va. 643; *State* v. *Nichols,* 67 W. Va. 659; *State* v. *Davis,* 68 W. Va. 184. We think the evidence was proper.

Another point of error relied on, relates to the giving of plaintiff's instructions numbered 4 and 6. Both instructions told the jury, that if they found certain facts assumed therein, and that plaintiff had been injured in *her person* or means of support, they *should find* for her such damages as they might find from the evidence she had sustained by reason of her husband's intoxication, *"and also exemplary damages,"* not exceeding the sum sued for.

Three points are made against these instructions: (1) That both submit to the jury the question of injury to plaintiff's person, when there was no evidence of such injury; (2) that there was no evidence of injury to plaintiff's means of support; (3) that both substantially tell the jury they "should also find exemplary damages." Points 2 and 3, we think, are well founded. There is absolutely no evidence of injury to plaintiff's person. Without this the question was erroneously submitted to the jury. *Pennington* v. *Gillaspie,* 66 W. Va. 643; *Carpenter* v. *Hyman,* 67 W. Va. 4.

Respecting the third point we have likewise held that it is judicial error for the trial court, under any circumstances, in-

volving our civil damage act, to tell the jury that they *shall* or that they *should* find exemplary damages. The question of exemplary damages is dependent solely on the discretion of the jury, when actual damages are proven, and found by them, and the court is not permitted to control that discretion by peremptory instructions. *Fink* v. *Thomas,* 66 W. Va. 487; *Carpenter* v. *Hyman, supra; Pennington* v. *Gillaspie, supra.*

It is argued for plaintiff, on these two points, that as the sum found by the jury was so small, no damages to plaintiff's person, or exemplary damages, were or could have been included in the verdict of the jury. This argument is based solely on the size of the verdict. How do we know that it is not wholly made up of damages to person, or exemplary damages? By submitting these questions to the jury the court assumed there was some evidence justifying them, but we find none. Besides in the third point and on the motion of defendant, overruled, to set aside the verdict for want of evidence of injury to her means of support, the sufficiency of the evidence to support any verdict is challenged.

Another point is that defendant's instruction No. 5, good it is claimed under the rule of *Mayer* v. *Frobe,* 40 W. Va. 248, was modified and given by the court as modified over objection. As proposed this instruction would have propounded to the jury the proposition, that before they could assess damages against defendant, even if they should find he gave or sold intoxicating liquors to plaintiff's husband, within one year next before suit brought, they must believe from the evidence that he sold such liquors to plaintiff's husband with gross fraud, malice, oppression or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting plaintiff's rights. The only effect of the modification was to make the same rule apply whether the sale was made by defendant personally, or by his agents or bartenders. Otherwise, as given, it was the same as proposed, and there was no error in this regard, in the modification. The original, perhaps, implied all that the amended instruction stated in clearer terms, but the jury might have misinterpreted it.

But it is argued, that the court, in obedience to sections 4 and

5, chapter 38, Acts 1907, after modification of the instruction, should have given it, not as defendant's instruction, but as its own, and have so stated to the jury. Such, we think, is the clear mandate of that statute, and the statute should have been respected. But according to the record, while objection was made to the modification, which we think was not error, there was no timely objection to the reading of the instruction as if propounded by defendant. By not so objecting at the time, as we said in *State* v. *Clark,* 64 W. Va. 625, 645, the error was waived. On another trial it should not be overlooked that proof of an illegal sale of liquor in the eye of the law supplies the necessary ingredients of gross fraud, malice, &c., covered by this instruction. *Pennington* v. *Gillaspie, supra.*

Lastly, the motion for a new trial based on want of sufficient evidence to support the verdict. As for errors already noted there must be a new trial, we will not undertake to comment on the weight or sufficiency of the evidence.

The judgment below will be reversed and the defendant awarded a new trial.

*Reversed and New Trial Awarded.*