## NEAL v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
October 18, 1927.

No. 2619.

1. **Criminal law** ⊜⟞586, 1151—**Motion for continuance is within sound discretion of trial judge, whose action is not reviewable without evidence of abuse.**

Motion for continuance constitutes a matter addressed to sound discretion of trial judge, whose action thereon is not subject to review, in absence of clear evidence of abuse.

2. **Criminal law** ⊜⟞589(1)—**Refusal of continuance because of mistrial at same term of court held not abuse of discretion (National Prohibition Act [27 USCA]).**

Refusal of continuance in prosecution for violation of the National Prohibition Act (27 USCA), merely because there had been a mistrial of case at the same term of court, *held* not to constitute an abuse of discretion.

3. **Jury** ⊜⟞97(1)—**Trial judge should see that jury is fair and impartial, where defendant is put on trial at same term after mistrial.**

Where, after a mistrial, defendant is put on trial again at the same term, trial judge should be very careful to see that jury obtained is fair and impartial.

4. **Jury** ⊜⟞131(4)—**Trial judge must permit inquiries enabling him to exclude from jury persons who are not "fair and impartial."**

Though ordinarily question as to whether a juror is "fair and impartial" is a matter addressed to discretion of trial judge, he is bound either to make or to permit such inquiries to be made as will enable him, in exercise of his discretion, to exclude persons who have formed fixed opinions and are not fair and impartial jurors, within contemplation of law.

5. **Jury** ⊜⟞131(7)—**Refusal to permit inquiry to ascertain if jurors had formed fixed opinions held erroneous.**

Refusal of trial judge to permit inquiry of jurors, for purpose of ascertaining whether they had formed fixed opinions as to guilt or innocence of defendant, *held* erroneous, notwithstanding denial that they had both formed and expressed opinions, since, in case juror has formed positive opinion on merits, he is incompetent, whether he had expressed such opinion or not.

6. **Criminal law** ⊜⟞359—**Testimony that third person had admitted that he was one who sold liquor held properly excluded (National Prohibition Act [27 USCA]).**

In prosecution for violating the National Prohibition Act (27 USCA), testimony that a certain third person had admitted to witness that he was the man who made sales of liquor for which defendant was indicted *held* properly excluded.

In Error to the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay, McDowell and Edmund Waddill, Jr., Judges.

Isaac Neal was convicted of violating the National Prohibition Act, and he brings error. Reversed and remanded for a new trial.

John W. McCauley, of Roanoke, Va., for plaintiff in error.

C. E. Gentry, Asst. U. S. Atty., of Charlottesville, Va. (J. C. Shaffer, U. S. Atty., of Roanoke, Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge. The plaintiff in error was defendant in the court below and will be so designated here. He was convicted of violating the National Prohibition Act (27 USCA), after being twice tried under the same indictment, at the same term of court. On the first of these trials the jury were unable to agree, and a mistrial was ordered. When the case was again called for trial on the following day, defendant objected to being placed on trial before a jury chosen from the same panel from which the first jury had been selected, and moved for a continuance on that ground. The motion was overruled, and defendant was placed on trial. In selecting the jury for this second trial, exceptions were taken to the refusal of the trial judge to ask certain questions of the prospective jurors on their voir dire, and these exceptions present the principal question before us.

When the jurors were called into the box for the purpose of selecting a jury for the second trial, the judge inquired whether any of them were related to the defendant, and whether there was any reason why they could not give both sides a fair trial. Upon both of these questions being answered in the negative, he asked the following question: "Has any of you both formed and expressed an opinion on the guilt or innocence of this defendant, Isaac Neal?" Whereupon one of the jurors answered, "I formed an opinion: I didn't express it." Upon this, counsel for defendant asked that the question be placed in the alternative, and the jurors asked whether they had either formed or expressed an opinion. The court refused this request, and defendant excepted. Counsel for defendant then requested that the jurors be asked whether they had heard the evidence in the trial of defendant on the day preceding; but this request was also refused, and defendant again excepted. Counsel for defendant thereupon avowed that at least a part of the jurors had heard the evidence in the former trial, and asked that the court inquire of those who had heard the evidence whether it had made such an impression on their minds that evidence would be required to remove it. This the court refused to do, and defendant again excepted, and there is nothing in the record to show that the court made any other or further inquiries of the jurors for the purpose of determining their eligibility.

[1, 2] The motion for continuance was a matter addressed to the sound discretion of the trial judge, and his action thereon is not subject to review, in the absence of clear evidence of abuse. Hardy v. U. S., 186 U. S. 224, 22 S. Ct. 889, 46 L. Ed. 1137; Isaacs v. U. S., 159 U. S. 487, 16 S. Ct. 51, 40 L. Ed. 229. And it cannot be said that the refusal of a continuance is an abuse of discretion merely because there has been a mistrial of the case at the same term of court. Although the fact that the case has been once tried at the term, and that jurors not engaged in the trial have probably heard parts of the evidence and arguments and discussions of the case by parties and witnesses in and about the courtroom, is a strong ground for continuance, it is for the trial judge, who has been present and can understand the atmosphere of the trial better than we possibly can in the appellate court, to determine whether under all the circumstances it is fairer to both sides to try the case again at the same term or to continue it.

[3, 4] But where, after a mistrial, the defendant, as in this case, is put on trial again at the same term, we think that the trial judge should be very careful to see that the jury obtained is fair and impartial. Jurors who have heard a part of the evidence in a former trial, who have listened to the arguments of counsel, and who perchance have heard discussions of the case in the corridors of the court building by witnesses or bystanders, are very likely to have formed fixed opinions about the case, or some of the material issues involved in it, and, if chosen, to enter upon their duties with an attitude very different from that which the law contemplates as the attitude of an unbiased juror. And although ordinarily the question as to whether a juror is fair and impartial is a matter addressed to the discretion of the trial judge, we think that the judge is bound either to make or to permit such inquiries to be made as will enable him in the exercise of his discretion to exclude from the jury persons who have formed fixed opinions about the case and are not fair and impartial jurors within the contemplation of the law. This is true in all cases, but it is particularly important where there is a second trial at the same term and at least a part of the jurors called have heard the evidence and have been subjected to the atmosphere of the former trial.

[5] In this case we think that the learned District Judge erred in not making further inquiry of the jurors, for the purpose of ascertaining whether any of them had formed fixed opinions as to the guilt or innocence of the defendant. The fact that they denied that they had "both formed and expressed" opinions was not sufficient. The real inquiry

was whether the jurors were unbiased and impartial; that is to say, whether they had or had not formed such fixed opinions as to the guilt of the accused that they would not be "indifferent as they stood unsworn," and, although the expression of opinion was a pertinent matter of inquiry, it was important only as showing that the opinion had been formed. If any of the jurors had formed such a positive and decided opinion as to the merits of the case, that he was not an impartial juror, he was incompetent whether he had expressed that opinion or not. Reynolds v. U. S., 98 U. S. 145, 154, 155, 25 L. Ed. 244; Rosencranz v. U. S. (C. C. A. 9th) 155 F. 38; Marshall, C. J., in U. S. v. Burr, 25 Fed. Cas. at pages 50 and 51 (No. 14,692g); Taney, C. J., in Anonymous, Fed. Cas. No. 469; 35 Corpus Juris, pp. 336, 337.

The first discussion in the reported federal decisions of the rule applicable in such cases occurs in the opinion of Chief Justice Marshall, above cited, in the celebrated trial of Aaron Burr. His opinion deals with the disqualification of jurors who had formed and delivered opinions as to the guilt of accused, but the report of the case (Fed. Cas. No. 14,693) shows that full inquiry was made as to opinions which had been formed as well as to those which had been also expressed, and the language used by the Chief Justice shows that the formation of a decided and fixed opinion, and not merely its expression, is a disqualification. He said:

"Light impressions which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony, and resist its force, do constitute a sufficient objection to him. Those who try the impartiality of a juror ought to test him by this rule. They ought to hear the statement made by himself or given by others, and conscientiously determine, according to their best judgment, whether in general men under such circumstances ought to be considered as capable of hearing fairly, and of deciding impartially, on the testimony which may be offered to them, or as possessing minds in a situation to struggle against the conviction which that testimony might be calculated to produce. The court has considered those who have deliberately formed and delivered an opinion on the guilt of the prisoner as not being in a state of mind fairly to weigh the testimony, and therefore as being disqualified to serve as jurors in the case."

The rule as stated by Chief Justice Taney in Fed. Cas. No. 469 is as follows:

"If the juror has formed an opinion that the prisoners are guilty, and entertains that opinion now without waiting to hear the testimony, then he is incompetent. But if, from reading the newspapers or hearing reports, he has impressions on his mind unfavorable to the prisoners, but has no opinion or prejudice which will prevent him from doing impartial justice when he hears the testimony, then he is competent."

In Reynolds v. U. S., supra, Chief Justice Waite went fully into the question, and no better statement of the rule is to be found than that which is contained in his opinion in that case. He said:

"By the Constitution of the United States (Amendment 6), the accused was entitled to a trial by an impartial jury. A juror to be impartial must, to use the language of Lord Coke, 'be indifferent as he stands unsworn.' Co. Litt. 155 b. * * * All of the challenges by the accused were for principal cause. It is good ground for such a challenge that a juror has formed an opinion as to the issue to be tried. The courts are not agreed as to the knowledge upon which the opinion must rest in order to render the juror incompetent, or whether the opinion must be accompanied by malice or ill will; but all unite in holding that it must be founded on some evidence, and be more than a mere impression. Some say it must be positive (Gabbet, Criminal Law, 391); others, that it must be decided and substantial (Armistead's Case, 11 Leigh [Va.] 659 [37 Am. Dec. 633]; Wormley's [Wormeley's] Case, 10 Grat. [Va.] 658; Neely v. People, 13 Ill. 685); others, fixed (State v. Benton, 2 Dev. & B. [19 N. C.] Law, 196); and, still others, deliberate and settled (Staup v. Commonwealth, 74 Pa. St. 458; Curley v. Commonwealth, 84 Pa. 151). All concede, however, that, if hypothetical only, the partiality is not so manifest as to necessarily set the juror aside. * * * The theory of the law is that a juror who has formed an opinion cannot be impartial. Every opinion which he may entertain need not necessarily have that effect. In these days of newspaper enterprise and universal education, every case of public interest is almost, as a matter of necessity, brought to the attention of all the intelligent people in the vicinity, and scarcely anyone can be found among those best

fitted for jurors who has not read or heard of it, and who has not some impression or some opinion in respect to its merits. It is clear, therefore, that upon the trial of the issue of fact raised by a challenge for such cause the court will practically be called upon to determine whether the nature and strength of the opinion formed are such as in law necessarily to raise the presumption of partiality. * * * The affirmative of the issue is upon the challenger. Unless he shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside, and it will not be error in the court to refuse to do so. Such a case, in our opinion, was not made out upon the challenge of Read. The fact that he had not expressed his opinion is important only as tending to show that he had not formed one which disqualified him. *If a positive and decided opinion had been formed, he would have been incompetent even though it had not been expressed.*" (Italics ours.)

It appears, therefore, that the inquiry as to whether the jurors had formed opinions was a proper one, and that, upon the request of the defendant, the court should have made the inquiry; for, as said in the Reynolds Case, "to make out the existence of the fact, the juror who is challenged may be examined on his voir dire, and asked any questions that do not tend to his infamy or disgrace." See, also, 35 C. J. 386; Carpenter v. Hyman, 67 W. Va. 4, 66 S. E. 1078, 20 Ann. Cas. 1310.

If it appeared that the jurors had formed opinions which they had not expressed, the court should have made further inquiry for the purpose of determining whether the opinions formed were of such a fixed, positive, or decided nature as to constitute a ground of disqualification. If such inquiries had been made, the question as to whether the jurors were impartial would have been one addressed to the sound discretion of the judge; but we think that his refusal to make the inquiries and thus elicit the facts upon which the exercise of his discretion could be based was clearly erroneous.

The government relies upon Assaid v. U. S. (C. C. A. 4th) 10 F.(2d) 752. There, however, the inquiry was made, and it was ascertained that certain of the jurors had formed opinions, but had not expressed them, and the only assignments of error with respect to the matter related to the refusal of the trial judge to exclude the jurors because they had formed opinions, or to inquire whether it would require evidence to remove these opinions from their minds. The record in that case did not, as in the case at bar, purport to set forth all that occurred in the examination of the jurors, or show that the question requested was necessary for the exercise of the judge's discretion. Of course, the refusal to ask a particular question will not be held to be error, if sufficient inquiry is made to form a fair basis for the exercise of the discretion reposed in the judge. In that case, however, Judge Waddill, speaking for this court, said: "The right to ask the question whether or not evidence would be required to remove an opinion formed by a juror is one usually permitted, as the inquiry tends to further the end of justice. The same should ordinarily be permitted, and its refusal would be error, unless it appears from the whole case that such denial did not operate prejudicially to the exceptant."

It is argued by the government that the fact that the jurors in this case stated that there was no reason why they could not give both sides a fair trial, was a sufficient basis for the exercise of the judge's discretion in holding them competent. But the judge had not told them that the forming of a fixed opinion as to guilt or innocence was a disqualification, and from his refusal to inquire as to opinions formed, but not expressed, they might properly have concluded that no unexpressed opinion, however fixed or decided, was ground of disqualification. The defendant had the right to have the jurors interrogated specifically as to a matter which bore so directly upon the question of their bias, and upon their answers to have the judge, and not the jurors themselves, pass upon the question of their qualification.

[6] There is one other question raised by the exceptions which we will pass upon, as it will probably arise again. The defendant proposed to show by one of the witnesses that one Read had admitted to her that he was the man who made the sales of liquor for which defendant was indicted. Defendant's defense was an alibi, and he proposed to show by this extrajudicial confession of a third party that such third party, and not he, was the one guilty of the offense charged. This testimony was properly excluded. Donnelly v. U. S., 228 U. S. 243, 272, 33 S. Ct. 449, 57 L. Ed. 820, Ann. Cas. 1913E, 710; Wharton's Criminal Evidence (10th Ed.) § 225, p. 452; 16 C. J. 643.

For the error pointed out, the judgment of the District Court is reversed, and the case is remanded for a new trial.

Reversed.