**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4305**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

FRANCISCO SERRANO,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Sol Blatt, Jr., Senior District Judge.  (2:09-cr-00683-SB-6)

─────────────

Submitted:  March 26, 2013        Decided:  April 5, 2013

─────────────

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Scarlet Moore, Greenville, South Carolina, for Appellant. Williams N. Nettles, United States Attorney, Peter T. Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Serrano was convicted by a jury of conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, 5 kilograms or more of cocaine base, 50 grams or more of methamphetamine, and 500 grams or more of a mixture containing a detectible amount of methamphetamine. Both during and after the trial, Serrano moved for a mistrial or a new trial, asserting that comments made by several jurors to the deputy clerk demonstrated prejudgment of Serrano's guilt. The district court denied the motion and sentenced Serrano to 180 months' imprisonment. On appeal, Serrano argues that the Government and the trial court improperly commented on his bond status, and he challenges the district court's denial of his motions for a mistrial and a new trial. We affirm.

We review the denial of a motion for a new trial or a mistrial for an abuse of discretion. See United States v. Wilson, 624 F.3d 640, 660 (4th Cir. 2010); United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). We also review for abuse of discretion challenges to juror qualifications. United States v. Turner, 389 F.3d 111, 115 (4th Cir. 2004).

"It is well-settled, of course, that an accused is entitled under the Sixth Amendment to trial by a jury composed of those who will adhere to the law and fairly judge the

2

evidence." United States v. Smith, 451 F.3d 209, 219 (4th Cir. 2006). The trial judge "is best situated to determine competency to serve impartially." Patton v. Yount, 467 U.S. 1025, 1039 (1984); see United States v. Cabrera-Beltran, 660 F.3d 742, 749 (4th Cir. 2011), cert. denied, 132 S. Ct. 1935 (2012). Thus, the trial judge possesses "very broad discretion in deciding whether to excuse a juror for cause." Cabrera-Beltran, 660 F.3d at 749.

We will recognize an abuse of such discretion and will reverse "if the [district] court demonstrates a clear disregard for the 'actual bias' of an individual venireman." Turner, 389 F.3d at 115. Our role is to determine whether "'the trial judge [was] very careful to see that the jury obtained is fair and impartial,'" and permitted "sufficient information to come forward so that he could exercise his discretion in an informed way." Id. at 118 (quoting Neal v. United States, 22 F.2d 52, 53 (4th Cir. 1927)). To this end, the district court judge "is bound either to make or to permit such inquiries to be made as will enable him in the exercise of his discretion to exclude from the jury persons who have formed fixed opinions about the case and are not fair and impartial jurors within the contemplation of the law." Neal, 22 F.3d at 53.

A juror is presumed impartial absent contrary evidence. Wells v. Murray, 831 F.2d 468, 472 (4th Cir. 1987);

3

see Lockhart v. McCree, 476 U.S. 162, 184 (1986). "The existence of a juror's preconceived notion as to the guilt of the accused will not by itself destroy the presumption of impartiality." Wells, 831 F.2d at 472; see Irvin v. Dowd, 366 U.S. 717, 723 (1961). Rather, a juror is incompetent to serve only if the juror cannot set aside this preconceived notion to fairly judge the evidence. See Irvin, 366 U.S. at 723. The challenger bears the burden of establishing such partiality. See Wainwright v. Witt, 469 U.S. 412, 423 (1985). A trial court's findings that a juror is impartial may be overturned only based on "manifest error." Patton, 467 U.S. at 1031 (quoting Irvin, 366 U.S. at 723).

Here, the statements posed by the jurors to the deputy clerk were insufficient to demonstrate that the jurors had reached any opinion, fixed or otherwise, regarding Serrano's guilt. The court made relevant inquiries of the deputy clerk, under oath, before concluding that no bias was demonstrated by the jurors' statements. While the court did not question the jurors directly, Serrano never requested that the court do so and thus cannot meet his burden of establishing bias. See Turner, 389 F.3d at 119. Absent juror statements more strongly raising the possibility of bias, we conclude that the trial court did not abuse its discretion in refusing to pursue the

4

matter further, and its conclusion that the jurors were impartial was not manifestly erroneous.

Turning to Serrano's challenge to the court's instructions and the prosecutor's questions regarding Serrano's bond proceedings, we note that Serrano did not raise this challenge in the district court. Thus, we review the issue for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, Serrano must demonstrate that 1) there was error, 2) the error was plain, and 3) the error affected his substantial rights. Id.

Serrano argues that the Government's questions regarding his bond proceedings, as well as the district court's instructions to the jury regarding bond procedures, prejudiced his fundamental rights. Serrano relies principally on United States v. Vargas, 583 F.2d 380 (7th Cir. 1978). However, we find Vargas readily distinguishable on its facts. Neither the Government's questions, nor the trial court's instructions, sought to imply Serrano's guilt based on his ability to make bond. Rather, the court's instructions sought to answer questions raised by the jury and, in fact, tended to reemphasize that Serrano was innocent until proven guilty. The Government's questions indicated that the prosecutor opposed bond, but they also elicited testimony that the court both released Serrano on bond and permitted him to travel interstate during his release.

Moreover, Serrano opened the door to these questions by addressing the issue of bond on direct examination. We therefore find no error, plain or otherwise, in the Government's questioning or the trial court's instructions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED